# COMPOSITE EXHIBIT A

## CIVIL COVER SHEET

The Civil Cover Sheet and the information contained herein neither replace or supplement the filing and services of pleadings or other papers as required by law.  This form is required for the use of The Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

I.   CASE STYLE

DAVID CLEGG and SHARON ALLEN,                      09CA4987

        Plaintiffs,

v.

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

        Defendants.

II.  TYPE OF CASE   (Place an X in one box only.  If the case fits
     more than one type case, select the definitive).

DOMESTIC RELATIONS          TORTS           OTHER CIVIL

_____  Simplified Dissolut.   _____  Prof. MalPrac    _____  Contracts
_____  Dissolution            _____  Products Liab.   _____  Condominium
_____  Support – IV-D         _____  Auto Negligen.   _____  Real Property/
_____  Support – Non IV-D     __X__  Other Negligen.         Mortgage Foreclosure
_____  URESA – IV-D           _____  Other            _____  Eminent Domain
_____  URESA – Non IV-D
_____  Domestic Violence
_____  Other

III. Is Jury Trial Demanded in Complaint
     __X__  Yes   _____  No

DATED: December 18, 2009

                                    _____
                                    KAREN GIEVERS
                                    Florida Bar No.: 262005

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

      Plaintiffs,

v.

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

      Defendants.
_____/

GENERAL CIVIL JURISDICTION

CASE NO.: 2009-CA-004987

CIVIL ACTIONS SUMMONS

REC'D _____
SERVED _____
DATE _____
TIME _____
P.S. _____
     (PRINT/SIGN NAME)

THE STATE OF FLORIDA:
TO Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint for
Damages in this action on Defendant Premier Behavioral Solutions,
Inc., d/b/a Fort Walton Adolescent Substance Abuse Program by
serving:

        C T Corporation System
        1200 South Pine Island Road
        Plantation, FL 33324

pursuant to Florida Statutes.  Defendant is required to serve
written defenses to the complaint to Karen Gievers, Plaintiff's
attorney, whose address is 524 East College Avenue, Suite 2,
Tallahassee, Florida 32301, within 20 days after service of this
summons, exclusive of the day of service, and to file the
original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter.
If said Defendant fails to do so, a default may be entered
against said Defendant for the relief demanded in the complaint

DATED ON _____**JAN 2 8 2010**_____.

     BOB INZER

     Clerk of said Court

     By: _____
        as Deputy Clerk

## RETURN OF SERVICE

State of Florida                    County of Leon                    Circuit Court

Case Number: 2009-CA-004987

Plaintiff:
**DAVID CLEGG AND SHARON ALLEN,**

vs.

Defendant:
**DEPARTMENT OF JUVENILE JUSTICE AND PREMIER BEHAVIORAL
SOLUTIONS, INC.,**

For:
Karen Gievers
KAREN A. GIEVERS, P.A.
524 East College Avenue
Suite 2
Tallahassee, FL 32301

Received by Caplan, Caplan and Caplan on the 4th day of February, 2010 at 2:15 pm to be served on **PREMIER
BEHAVIORAL SOLUTIONS, INC. CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD,
PLANTATION, FL 33324.**

I, Barbara Markowitz, do hereby affirm that on the **5th day of February, 2010** at **1:00 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Civil Action Summons and Complaint** with the date
and hour of service endorsed thereon by me, to: **CT CORPORATION SYSTEM as Registered Agent** at the
address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** on behalf of **PREMIER BEHAVIORAL
SOLUTIONS, INC. CT CORPORATION SYSTEM,** and informed said person of the contents therein, in
compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a
Sheriff Appointed Process Server in the county in which this defendant/witness was served and have no interest in
the above action persuant to FS 92.525(2), no notary is required.

Barbara Markowitz
164
**Caplan, Caplan and Caplan
172 West Flagler St., #320
Miami, FL  33130
(305) 374-3426**
Our Job Serial Number: 2010011438
Service Fee: _____

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3y

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

      Plaintiffs,

v.

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

      Defendants.

_____/

GENERAL CIVIL JURISDICTION

CASE NO.: 2009CA 4987

COMPLAINT FOR DAMAGES
(Jury Trial Requested)

    Plaintiffs DAVID CLEGG and SHARON ALLEN sue Defendants

FLORIDA DEPARTMENT OF JUVENILE JUSTICE [DJJ], PREMIER

BEHAVIORAL SOLUTIONS, INC. d/b/a FORT WALTON ADOLESCENT

SUBSTANCE ABUSE PROGRAM [Premier], ASHER ZASLAW [ZASLAW],

JOHANA PEREZ [PEREZ], KEITH WILLIAMS [WILLIAMS], and KELBY

RAMER [RAMER] and alleges:

    1. This is an action for damages that exceed

$15,000.00, and for other relief within the jurisdiction of

this Court.

### The Parties

    3. Plaintiff David Clegg is a youngster denied proper

care to his detriment.

    4. Plaintiff Sharon Allen is the mother of David Clegg,

who suffered economic damages as a result of the Defendants'

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION



negligence and other misconduct.

5. At all times material, Defendant's Premier had a contractual relationship with DJJ whereby Premier, acting as an express contractual agent of DJJ, was to provide certain residential program services to youngsters, including Plaintiff David Clegg.

6. The DJJ/Premier contract is hereby incorporated by reference.

## Factual Background

7. The pertinent contract between DJJ and Premier required Premier to operate a program for certain youth, in exchange for which DJJ would pay Premier.

8. On or about August 18, 2008, the Plaintiff David Clegg was committed to DJJ for placement in a DJJ substance abuse program.

9. DJJ placed the Plaintiff in the Premier program for a five month period, with DJJ maintaining legal custody of the Plaintiff.

10. The program to which DJJ committed Plaintiff was operated on DJJ's behalf by Defendant Premier.

11. Prior to transferring physical custody of Plaintiff to Premier, DJJ was aware that Premier staff were not properly trained, and were prone to ignore mental health problems, frequently causing harm to the DJJ youngsters in the Premier

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

program.

12. Consistent with the then-prevailing DJJ culture, neither DJJ nor Premier disclosed the withholding of medical care from Plaintiff David Clegg, or the resulting injuries to Plaintiff to the Court.

13. The general purpose of the program was to modify behavior, to teach youth a lesson, and to rehabilitate youth such as Plaintiff David Clegg, consistent with applicable law.

14. While Plaintiff David Clegg was in the DJJ/Premier program, DJJ and Premier had a duty to keep the Plaintiff safe and free from harm.

15. At all times material, Defendants DJJ and Premier had a duty to provide appropriate enough security, monitoring and supervision that Plaintiff David Clegg would be safe and properly cared for.

16. At all times, program officials at Premier were acting on behalf of both Defendants Premier and DJJ.

17. At all times material, both Defendants knew or should have known that the training given to program officials did not sufficiently provide program officials necessary information regarding the right of residents such as Plaintiff to be kept safe and provided with proper medical care.

18. At all times material, Premier employees/DJJ agent therapist "Asher Zaslaw", case manager "Johana Perez",

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

administrator Keith Williams and nursing staff Kelby Ramer
were acting on behalf of both DJJ and Premier.

19. The staff's training was inadequate, and
insufficient to properly provide appropriate guidelines and
job standards for proper performance of his job.

20. During the time that Plaintiff David Clegg was in
the custody and care of DJJ/Premier officials, Premier denied
access to proper medical care for his mental illness.

21. At all times material, Defendant Premier acted
through its employees and agents, including those listed above
as well as others.

22. At all times material, Defendant DJJ acted through
its own employees, through its contract agent Premier's
employees and agents.

23. At all times, facility staff listed in paragraph 18
were acting in the course and scope of their employment at
Premier and was within the course and scope of this agency on
behalf of DJJ.

24. Within two months of being put into the program
Plaintiff David Clegg had lost 30 pounds.

<u>Pre-Suit Notice</u>

25. All conditions precedent, including but not limited
to the giving of notice pursuant to Section 768.28, Florida
Statutes have been satisfied or complied with.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

<u>COUNT I - CLAIMS AGAINST PREMIER</u>

A. Claim For Negligent Failure To Use
<u>Reasonable Care For Plaintiff's Safety</u>

Plaintiffs reallege paragraphs 1 through 25 and further allege:

26. At all times material, Defendant Premier had a duty to Plaintiff to use reasonable care to see that the youngsters (including Plaintiff) to whom it was providing services were kept safe and free from harm, and were provided proper care.

27. Defendant Premier was negligent in and breached its duties to Plaintiff, in that:

a. Defendant Premier personnel failed to use reasonable care in interacting with Plaintiff;

b. Premier personnel lacked proper training regarding techniques to use in dealing with Plaintiff;

c. Premier was negligent in the training, supervision and oversight of its staff.

d. Premier acted inappropriately and did comply with the Plaintiff's case plan.

e. Premier personnel failed to use reasonable care in providing care for Plaintiff's mental health problems.

28. As a result of Defendant Premier's negligence and other misconduct and omissions, the minor Plaintiff suffered

Page 5 of 12

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

bodily injury, resulting in pain and suffering, psychological trauma, mental anguish and emotional distress, loss of capacity for the enjoyment of life, expense of medical and related care, psychiatric and psychological care, loss of ability to earn money, aggravation of a previously existing condition, and reduction of his ability to maximize his potential. The losses are permanent and continuing in nature and are unapportionable, and the minor Plaintiff will suffer the losses in the future.

B. Claims Against Premier For Negligent Training

Plaintiffs reallege paragraphs 1 through 25 and further allege:

29. Defendant Premier had a duty to Plaintiff to properly train its personnel to make sure that inadequately trained personnel did not cause injury to youngsters such as Plaintiff.

30. Defendant Premier breached its obligation by failing to provide proper training to its staff, as aforesaid.

31. As a result, Plaintiff sustained the injuries in paragraph 28 above.

C. Claims Against Premier for Negligent Supervision

Plaintiffs reallege paragraphs 1 through 25 and further allege:

32. At all times material, Defendant Premier had a duty

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

to properly supervise its staff, to avoid its staff harming program participants such as Plaintiff.

33. Defendant Premier breached its duty by failing to properly supervise its staff as they performed their duties for Premier, including denying Plaintiff the aggressive mental health treatment he needed..

34. Defendant Premier also breached its duty by negligently failing to supervise its staff to keep them from allowing Plaintiff to be ridiculed and subjected to humiliation and embarrassment about the abuse.

35. As a result, Plaintiff sustained the injuries and damages set forth in paragraph 28 above.

D. Vicarious Claims Against Premier

Plaintiffs reallege paragraphs 1 through 25 and further allege:

37. At all times material, Premier was and is liable for the actions of its employees acting in the course and scope of their employment and agency, as Premier could only act through its personnel.

38. At all times material, the program personnel were acting in the course and scope of their employment and Premier is therefore liable.

39. Because the facility staff were, at all times material, acting in the course and scope of his employment,

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

Defendant Premier is vicariously liable for injuries and damages staff member Boyce inflicted on Plaintiff, whether negligent or intentional, while in the course and scope of their authority.

40. As a result, Plaintiff sustained the injuries and damages set forth in paragraph 28 above.

E. - Claims Against Premier For
Civil Rights Violations Pursuant To 42 U.S.C. §1983

Plaintiffs reallege paragraphs 1 through 25 and further allege:

41. At all times material, Defendant Premier and its staff including but not limited to the therapist, program director, case manager and medical staff were acting under color of State law while acting as the physical custodian of the Plaintiff David Clegg.

42. At all times material, Plaintiff was in the involuntary legal and physical custody of the State.

43. At all times material, Plaintiff David Clegg had a constitutionally protected right under the Eighth and Fourteenth Amendments to the United States Constitution to be safe and free from harm while in the involuntary custody of Premier.

44. Between August and December 2008, Defendants Premier and its staff Zaslaw, Perez, Williams and Ramer were aware of the mental health problems of the Plaintiff, but chose to

Page 8 of 12

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

ignore them, denying him access to necessary proactive care needed to minimize the extent of harm to Plaintiff David Clegg.

45. As a result of Premier's disregard of and indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

46. Plaintiff has had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

## COUNT II - CLAIMS AGAINST DEFENDANT DJJ

### A. Direct Negligence

Plaintiffs reallege paragraphs 1 through 25, and further state:

47. At all times material, Defendant DJJ had a duty to use reasonable care for the safety of youngsters committed to it and placed in its custody, including plaintiff.

48. Defendant DJJ also had a duty to properly provide for the needs of those committed to its legal and physical custody, including Plaintiff.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

49. At all times material, as a principal, Defendant DJJ was and is directly liable for the acts of its own employees and agents.

50. Defendant DJJ negligently breached the duty it owed Plaintiff in that:

       a. DJJ failed to keep Plaintiff safe from harm while Plaintiff was committed to DJJ's custody;

       b. DJJ placed Plaintiff into the custody of Premier without taking appropriate action for the safety of the Plaintiff;

       c. DJJ negligently failed to monitor the adequacy of care and training provided by Premier to its employees;

       d. DJJ failed to protect Plaintiff from humiliation, ridicule and embarrassment;

51. But for DJJ's negligence and disregard, Plaintiff would not have been harmed and subjected to abusive, improper acts while in DJJ's custody, and would not have suffered the damages set forth in paragraph 54, incorporated here by reference.

### B. Vicarious Liability Claims Against DJJ

Plaintiffs reallege paragraphs 1 through 25, and further state:

52. At all times material, DJJ was and is liable for the

actions of its agents acting in the course and scope of their employment, as DJJ could only act through its agents.

53. At all times material, to the extent the Premier program personnel were acting in the course and scope of their agency, on behalf of DJJ, DJJ is vicariously liable.

54. As a result of Defendant DJJ's negligence and other misconduct and omissions, Plaintiff was wrongly kept in the physical custody of the abuser and neglectors on DJJ/Premier's staff, was wrongly placed at risk, and was tortured, subjected to acts of physical abuse and humiliation, suffered bodily injury, resulting in pain and suffering, psychological trauma, mental anguish and emotional distress, reduction in his capacity for the enjoyment of life, expense of medical care, psychiatric and psychological care, loss of ability to earn money, and reduction of his ability to maximize his potential. The losses are permanent and continuing in nature and are unapportionable, and the Plaintiff will suffer the losses in the future.

WHEREFORE Plaintiff demands the entry of judgement against Defendants for the full amount of his damages, plus costs and attorneys fees.

COUNT III - CLAIMS OF SHARON ALLEN

Plaintiffs reallege paragraphs 1 through 25 and further state:

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

55. At all times material, Plaintiff Sharon Allen was and is David's parent.

56. At all times material, Plaintiff parent had and have the legal obligation to provide for the needs of the minor Plaintiff, including medical needs.

57. As a result of the Defendants' conduct and resulting injuries to the minor Plaintiff, the Plaintiff parent incurred economic damages related to David's care and treatment and medical needs and through David's 18th birthday and her parental consortium rights were interfered with.

WHEREFORE Plaintiff parent demands judgment against Defendants for damages in excess of $15,000.00, plus costs and, as to Count IE, attorneys fees.

Both Plaintiffs also request trial by jury of all issues so triable as of right.

DATED this 18th day of December, 2009.

GIEVERS, P.A.

Counsel for Plaintiff

KAREN GIEVERS
Fla. Bar No.: 262005
524 E. College Avenue
Suite 2
Tallahassee, FL 32301
T - 850-222-1961
F - 850-222-2153
kgievers@karengievers.com

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

      GENERAL CIVIL JURISDICTION

     Plaintiffs,

v.                 CASE NO.: 2009-CA-004987

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,   NOTICE OF FILING
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

     Defendants.
_____/

     Plaintiff hereby gives notice of filing the original

returns of service on Defendants Johana Perez; Keith Williams,

Program Director; Kelby Ramer; and Asher Zaslaw.

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a true and correct copy of the

foregoing was faxed and/or mailed this 16th day of February,

2010 to all parties on the service list.

GIEVERS, P.A.
Counsel for Plaintiff

KAREN GIEVERS
Fla. Bar No.: 262005
524 E. College Ave
Suite 2
Tallahassee, FL 32301
T - 850-222-1961
F - 850-222-2153
kgievers@karengievers.com

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

<u>SERVICE LIST</u>

The Honorable Frank Peterman Jr.
Secretary – Department of
   Juvenile Justice
Knight Building
2737 Centerview Drive
Tallahassee, FL 32399

Johana Perez
Fort Walton Adolescent
   Substance Abuse Program
1015 Mar Walt Drive
Building 100
Fort Walton Beach, FL 32547

Keith Williams, Director
Fort Walton Adolescent
   Substance Abuse Program
1015 Mar Walt Drive
Building 100
Fort Walton Beach, FL 32547

C T Corporation
Registered Agent for
Premier Behavioral Solutions
1200 South Pine Island Road
Plantation, FL 33324

Kelby Ramer
Fort Walton Adolescent
   Substance Abuse Program
1015 Mar Walt Drive
Building 100
Fort Walton Beach, FL 32547

Asher Zaslaw
Fort Walton Adolescent
   Substance Abuse Program
1015 Mar Walt Drive
Building 100
Fort Walton Beach, FL 32547

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

# RETURN OF SERVICE

State of Florida                     County of Leon                     Circuit Court

Case Number: 2009CA004987

Plaintiff:
**David Clegg and Sharon Allen**

vs.

Defendant:
**Department of Juvenile Justice and Premier Behvaorial Solutions, Inc., dba Fort Walton Adolescent Substance Abuse Program, Asher Zaslaw, Johana Perez, Keith Williams and Kelly Ramer**

For:
Karen Gievers
524 E College Avenue
~~Fort Walton Beach, FL 32547~~
Tallahassee, FL 32301

Received by Advanced Investigations on the 2nd day of February, 2010 at 1:23 pm to be served on **Fort Walton Adolescent Substance Abuse Program, C/O Keith Williams, Program Director, 1015 Mar Walt Drive Bldg.100, Fort Walton Beach, FL 32547.**

I, W. Darrell Parrish, do hereby affirm that on the **2nd day of February, 2010 at 1:50 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Amy Ellis** as Director at the address of: **1015 Mar Walt Drive, Bldg. 100, Fort Walton Beach, FL 32547**, who stated they are authorized to accept service for **Fort Walton Adolescent Substance Abuse Program, C/O Keith Williams, Program Director**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.


**W. Darrell Parrish**
Certified Process Server #037

**Advanced Investigations**
**24 Nw Racetrack Road**
**Fort Walton Beach, FL  32547**
**(850) 863-3997**

Our Job Serial Number: 2010000137

Copyright © 1992-2008 Database Services, Inc. - Process Server's Toolbox V6.3c

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

      Plaintiffs,

v.

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

      Defendants.

_____/

GENERAL CIVIL JURISDICTION

CASE NO.: 2009-CA-004987

CIVIL ACTIONS SUMMONS

W. DARRELL PARRISH #37
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATE _____ TIME _____

THE STATE OF FLORIDA:
TO Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint for
Damages in this action on Defendant Keith Williams by serving:

      Keith Williams, Program Director
      c/o Ft Walton Adolescent Substance Abuse Program
      1015 Mar Walt Drive, Building 100
      Ft. Walton Beach, FL 32547

pursuant to Florida Statutes.  Defendant is required to serve
written defenses to the complaint to Karen Gievers, Plaintiff's
attorney, whose address is 524 East College Avenue, Suite 2,
Tallahassee, Florida 32301, within 20 days after service of this
summons, exclusive of the day of service, and to file the
original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter.
If said Defendant fails to do so, a default may be entered
against said Defendant for the relief demanded in the complaint.

DATED ON _____ JAN 2 8 2010 _____.

      BOB INZER

      Clerk of said Court

      By: _____
      as Deputy Clerk

2/2/10 1:20 pm

## RETURN OF SERVICE

State of Florida                          County of Leon                          Circuit Court

Case Number: 2009CA004987

Plaintiff:
**David Clegg and Sharon Allen**

vs.

Defendant:
**Department of Juvenile Justice and Premier Behvaorial Solutions,
Inc., dba Fort Walton Adolescent Substance Abuse Program, Asher
Zaslaw, Johana Perez, Keith Williams and Kelly Ramer**

For:
Karen Gievers
524 E College Avenue
Fort Walton Beach, FL 32547
Tallahassee, FL 32301

Received by Advanced Investigations on the 2nd day of February, 2010 at 1:23 pm to be served on **Fort Walton Adolescent Substance Abuse Program, C/O Asher Zaslaw, 1015 Mar Walt Drive Bldg.100, Fort Walton Beach, FL 32547.**

I, W. Darrell Parrish, do hereby affirm that on the **2nd** day of February, 2010 at **1:50 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Amy Ellis as Director** at the address of: **1015 Mar Walt Drive Bldg. 100, Fort Walton Beach, FL 32547**, who stated they are authorized to accept service for **Fort Walton Adolescent Substance Abuse Program, C/O Asher Zaslaw**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

W. Darrell Parrish
Certified Process Server #037

**Advanced Investigations**
**24 Nw Racetrack Road**
**Fort Walton Beach, FL 32547**
**(850) 863-3997**

Our Job Serial Number: 2010000136

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.3e

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

      Plaintiffs,

v.

GENERAL CIVIL JURISDICTION

CASE NO.: 2009-CA-004987

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELLY RAMER,

      Defendants.

_____/

CIVIL ACTIONS SUMMONS

W. DARRELL PARRISH #37
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATE 2 / o    TIME / 5 o

THE STATE OF FLORIDA:
TO Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint for
Damages in this action on Defendant Asher Zaslaw by serving:

      Asher Zaslaw
      c/o Ft Walton Adolescent Substance Abuse Program
      1015 Mar Walt Drive, Building 100
      Ft. Walton Beach, FL 32547

pursuant to Florida Statutes.  Defendant is required to serve
written defenses to the complaint to Karen Gievers, Plaintiff's
attorney, whose address is 524 East College Avenue, Suite 2,
Tallahassee, Florida 32301, within 20 days after service of this
summons, exclusive of the day of service, and to file the
original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter.
If said Defendant fails to do so, a default may be entered
against said Defendant for the relief demanded in the complaint.

                        **JAN 2 8 2010**

DATED ON _____.

      BOB INZER

      _____

      Clerk of said Court

      By: _____

          as Deputy Clerk

2/21 o  1:20 pm

# RETURN OF SERVICE

State of Florida               County of Leon                    Circuit Court

Case Number: 2009CA004987

Plaintiff:
**David Clegg and Sharon Allen**

vs.

Defendant:
**Department of Juvenile Justice and Premier Behvaorial Solutions, Inc., dba Fort Walton Adolescent Substance Abuse Program, Asher Zaslaw, Johana Perez, Keith Williams and Kelly Ramer**

For:
Karen Gievers
524 E College Avenue
Fort Walton Beach, FL 32547
Tallahassee, FL 32301
Received by Advanced Investigations on the 2nd day of February, 2010 at 1:23 pm to be served on **Kelby Ramer, 101 Old Ferry Road Apt.9D, Shalimar, FL 32579.**

I, W. Darrell Parrish, do hereby affirm that on the **2nd day of February, 2010** at **1:50 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Amy Ellis** as **Director** at the address of: **1015 Mar Walt Drive Bldg.100, Fort Walton Beach, FL 32547,** who stated they are authorized to accept service for **Kelby Ramer,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

W. Darrell Parrish
Certified Process Server #037

Advanced Investigations
24 Nw Racetrack Road
Fort Walton Beach, FL  32547
(850) 863-3997

Our Job Serial Number: 2010000139

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

GENERAL CIVIL JURISDICTION

     Plaintiffs,

CASE NO.: 2009-CA-004987

v.

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

<u>CIVIL ACTIONS SUMMONS</u>

     Defendants.
_____/

W. DARRELL PARRISH #37
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATE 2/2/10   TIME 1:50

THE STATE OF FLORIDA:
TO Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint for
Damages in this action on Defendant Kelby Ramer by serving:

     Kelby Ramer
     101 Old Ferry Road
     Apartment 9D
     Shalimar, FL 32579

pursuant to Florida Statutes.  Defendant is required to serve
written defenses to the complaint to Karen Gievers, Plaintiff's
attorney, whose address is 524 East College Avenue, Suite 2,
Tallahassee, Florida 32301, within 20 days after service of this
summons, exclusive of the day of service, and to file the
original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter.
If said Defendant fails to do so, a default may be entered
against said Defendant for the relief demanded in the complaint.

DATED ON _____**JAN 2 8 2010**_____.

     BOB INZER

     Clerk of said Court

     By: _____

        as Deputy Clerk

2/2/10  1:20pm

# RETURN OF SERVICE

State of Florida | County of Leon | Circuit Court

Case Number: 2009CA004987

Plaintiff:
**David Clegg and Sharon Allen**

vs.

Defendant:
**Department of Juvenile Justice and Premier Behvaorial Solutions, Inc., dba Fort Walton Adolescent Substance Abuse Program, Asher Zaslaw, Johana Perez, Keith Williams and Kelly Ramer**

For:
Karen Gievers
524 E College Avenue
Fort Walton Beach, FL 32547
Tallahassee, FL 32301

Received by Advanced Investigations on the 2nd day of February, 2010 at 1:23 pm to be served on **Fort Walton Adolescent Substance Abuse Program, C/O Johana Perez, 1015 Mar Walt Drive Bldg.100, Fort Walton Beach, FL 32547.**

I, W. Darrell Parrish, do hereby affirm that on the **2nd day of February, 2010** at **1:50 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Amy Ellis** as Director at the address of: **1015 Mar Walt Drive, Bldg. 100, Fort Walton Beach, FL 32547**, who stated they are authorized to accept service for **Fort Walton Adolescent Substance Abuse Program, C/O Johana Perez**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**W. Darrell Parrish**
Certified Process Server #037

**Advanced Investigations**
**24 Nw Racetrack Road**
**Fort Walton Beach, FL  32547**
**(850) 863-3997**

Our Job Serial Number: 2010000138

Copyright © 1992-2008 Database Services, Inc. - Process Server's Toolbox V6.3e

IN THE CIRCUIT COURT OF THE
2ND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

DAVID CLEGG and SHARON ALLEN,

     Plaintiffs,

v.

DEPARTMENT OF JUVENILE JUSTICE
and PREMIER BEHAVIORAL SOLUTIONS,
INC., d/b/a FORT WALTON ADOLESCENT
SUBSTANCE ABUSE PROGRAM, ASHER
ZASLAW, JOHANA PEREZ, KEITH WILLIAMS
and KELBY RAMER,

     Defendants.

_____/

GENERAL CIVIL JURISDICTION

CASE NO.: 2009-CA-004987

CIVIL ACTIONS SUMMONS

W. DARRELL PARRISH #37
CERTIFIED PROCESS
SERVER FIRST JUDICIAL
CIRCUIT OF FLORIDA
DATE 2-2-10 TIME 150 pm

THE STATE OF FLORIDA:
TO Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and Complaint for
Damages in this action on Defendant Johana Perez by serving:

     Johana Perez
     c/o Ft Walton Adolescent Substance Abuse Program
     1015 Mar Walt Drive, Building 100
     Ft. Walton Beach, FL 32547

pursuant to Florida Statutes. Defendant is required to serve
written defenses to the complaint to Karen Gievers, Plaintiff's
attorney, whose address is 524 East College Avenue, Suite 2,
Tallahassee, Florida 32301, within 20 days after service of this
summons, exclusive of the day of service, and to file the
original of the defenses with the clerk of this court either
before service on plaintiff's attorney or immediately thereafter.
If said Defendant fails to do so, a default may be entered
against said Defendant for the relief demanded in the complaint.

DATED ON _____ JAN 2 8 2010 _____.

     BOB INZER

     Clerk of said court

     By: _____
          as Deputy Clerk