UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DAVID CLEGG and SHARON ALLEN,

      Plaintiffs,                   CASE NO.: 4:10cv81-RH/WCS

v.

DEPARTMENT OF JUVENILE JUSTICE        FIRST AMENDED
and GULF COAST TREATMENT CENTER,   COMPLAINT FOR DAMAGES
INC., ASHER ZASLAW, JOHANA PEREZ,  (Jury Trial Requested)
KEITH WILLIAMS, KELBY RAMER,
DONNA BAREFOOT, LOURDES QUIRAY,
and ROBERT ELLIS,

      Defendants.

_____/

      Plaintiffs DAVID CLEGG [CLEGG] and SHARON ALLEN [ALLEN]

sue Defendants FLORIDA DEPARTMENT OF JUVENILE JUSTICE [DJJ],

GULF COAST TREATMENT CENTER, INC. [GULF CENTER], ASHER ZASLAW

[ZASLAW], JOHANA PEREZ [PEREZ], KEITH WILLIAMS [WILLIAMS],

KELBY RAMER [RAMER], DONNA BAREFOOT [BAREFOOT], LOURDES QUIRAY

[QUIRAY] and ROBERT ELLIS [ELLIS] and alleges:

Jurisdiction

      1. This is an action for damages that exceed

$15,000.00, and for other relief within the jurisdiction of

this Court.

      2. This case arises from the failure of Defendants to

identify and provide needed care to Plaintiff Clegg while in

the Defendants' involuntary custody, causing or contributing

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

to damage he sustained as a result.

3. The right of Plaintiff Clegg to have his needs for medical care properly identified and met is protected by state and federal law and by due process and related provisions in the United States and Florida constitutions.

4. Consequently, the complaint includes claims pursuant to state law as well as federal law.

5. This Court has jurisdiction of the federal claims pursuant to 28 U.S.C. §1331, and has pendent jurisdiction of the state law claims.

## The Parties

6. Plaintiff David Clegg is a youngster denied proper care, to his detriment.

7. Plaintiff Sharon Allen, the mother of David Clegg, suffered economic damages as a result of the Defendants' negligence and other misconduct which caused or contributed to injuries to the then-minor Plaintiff.

8. At all times material, Defendant's Gulf Center had a contractual relationship with DJJ whereby Gulf Center, acting as an express contractual agent of DJJ, was to provide certain residential program services to youngsters, including Plaintiff David Clegg.

9. The pertinent DJJ/Gulf Center contract is hereby incorporated by reference.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

10. At all times material, Defendant Zaslaw was the therapist assigned to Plaintiff Clegg.

11. At all times material, Defendant Perez was the case manager assigned to Plaintiff Clegg.

12. At all times material, Defendant Williams served as the Gulf Center Program Director and Administrator.

13. At times material during Plaintiff Clegg's stay at Gulf Center, Defendants Ramer and Barefoot were licensed practical nurses assigned to Plaintiff Clegg.

14. At all times material, Defendant Quiray was a psychiatrist affiliated with Gulf Center.

15. At all times, Defendant Ellis was the clinic director for Gulf Center.

## Factual Background

16. The pertinent contract between DJJ and Gulf Center required Gulf Center to operate a program for certain youth, in exchange for which DJJ would pay Gulf Center.

17. On or about August 18, 2008, the Plaintiff David Clegg was committed to DJJ, which placed him in its DJJ substance abuse program operated by Gulf Center.

18. DJJ placed the Plaintiff in the Gulf Center Adolescent Substance Abuse Program [known as ASAP] program for a five month period, with DJJ maintaining legal custody of the Plaintiff.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

19. The program to which DJJ committed Plaintiff was operated on DJJ's behalf by Defendant Gulf Center.

20. Prior to transferring physical custody of Plaintiff to Gulf Center, DJJ was aware that Gulf Center staff were not properly trained, and were prone to ignore mental health problems, frequently causing harm to the DJJ youngsters in the Gulf Center program.

21. The general purpose of the program was to modify behavior, to teach youth a lesson, and to rehabilitate youth such as Plaintiff David Clegg, consistent with applicable law.

22. At all times, program officials at Gulf Center were acting on behalf of both Defendants Gulf Center and DJJ.

23. At all times material, Defendants DJJ and Gulf Center knew or should have known that the training given to program officials did not sufficiently provide program officials necessary information regarding the right of residents such as Plaintiff to be kept safe and provided with proper medical care.

24. At all times material, Gulf Center employees/DJJ therapist Zaslaw, case manager Perez, administrator Keith Williams, nursing staff Ramer and Barefoot, psychiatrist Quiray and clinical director Ellis were acting on behalf of both DJJ and Gulf Center.

25. The staff's training was inadequate and insufficient

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

to properly provide appropriate guidelines and job standards for proper performance of their job in a manner sufficient to meet the needs of Plaintiff Clegg.

26. During the time that Plaintiff David Clegg was in the custody and care of DJJ/Gulf Center officials, Gulf Center denied access to proper medical care for his mental illness, in that:

a. At the outset of Plaintiff Clegg's stay at Gulf Center, a Comprehensive Behavioral Health Assessment [CBHA] was required by Florida law and by DJJ and Gulf Center procedures;

b. Defendant Zaslaw was the Gulf Center employee expected to obtain the CBHA; the supervisors and other members of the treatment team were expected to make sure the CBHA was properly completed;

c. By September 5, 2008, the Defendants knew that Plaintiff Clegg would not communicate with his therapist, and knew that Defendant Zaslaw should have completed a CBHA and made appropriate treatment referrals, but had not;

d. After the initial few weeks, Plaintiff Clegg's condition noticeably worsened; one teacher observed that Plaintiff Clegg was worse than he was, would sit in class and rock back and forth, without being responsive, and

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

indicating he needed professional help.

e. Another teacher noted dramatic withdrawal by Plaintiff Clegg, that the 17 year old Plaintiff Clegg was not speaking or participating in class, and required help to perform even such simple tasks as walking and using the restroom; and

f. The October treatment team meetings relating to Plaintiff Clegg included direct participation by Defendants Zaslaw, Perez, Williams, Ramer, Barefoot and Ellis, each of whom thereby acquired personal knowledge of the clear decompensation of the Plaintiff as well as the failure of identification of Plaintiff Clegg's medical needs and the provision of treatment for the developing problems.

27. At all times material, Defendant Gulf Center acted through its employees and agents, including those listed above as well as others.

28. At all times material, Defendant DJJ acted through its own employees and through its contract agent Gulf Center's employees and agents.

29. Pursuant to Section 768.28, Florida Statutes, subcontractors of DJJ are deemed statutory agents of the State with respect to negligence actions.

30. At all times, Defendant facility staff were acting

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

in the course and scope of their employment at Gulf Center and were within the course and scope of this agency on behalf of DJJ.

31. Within two months of being put into the program Plaintiff David Clegg had lost 30 pounds, due to his mental illness and the concomitant effect of the manifestations of his mental illness being ignored by the Defendants.

32. At times material, it was the practice of Gulf Center and its personnel to use psychotropic medication for behavior control purposes, instead of providing program participants such as Plaintiff Clegg with proper assessment and actual treatment of identified medical conditions and mental illnesses.

33. At times between the involuntary admission of Plaintiff Clegg to Gulf Center in August 2008 and his being "Baker Acted" in mid December 2008, Plaintiff Clegg was subjected to a chemical control regimen which Defendants knew was not intended to treat any condition of Plaintiff but only to chemically restrain him even though no proper assessment such as a CBHA or appropriate neuropsychological testing had been done.

## Conditions Precedent

34. All conditions precedent, including but not limited to the giving of notice have been satisfied or complied with.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

COUNT I - CLAIMS AGAINST GULF CENTER FOR CIVIL RIGHTS
VIOLATIONS PURSUANT TO 42 U.S.C. §1983

Plaintiffs reallege paragraphs 1 through 34 and further allege:

35. At all times material, Defendant Gulf Center and its staff including but not limited to the therapist, program director, case manager and medical staff were acting under color of State law while acting as the physical custodian of the Plaintiff David Clegg, who was involuntarily in the physical custody of Gulf Center.

36. At all times material, Plaintiff David Clegg had a constitutionally protected right under the United States Constitution (as amended) to be safe and free from harm while in the involuntary custody of Gulf Center, and to have his medical issues timely and properly assessed and treated.

37. Between August and December 2008, Defendants Gulf Center and its staff and administrators Zaslaw, Perez, Williams, Ramer, Barefoot. Quiray and Ellis were aware of the mental health problems of the Plaintiff, but chose to ignore them as a matter of policy, thus denying Plaintiff Clegg access to necessary proactive care needed to minimize the extent of harm to Plaintiff David Clegg.

38. As a result of Gulf Center's disregard of and indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

39. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

## COUNT II - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT ZASLAW

Plaintiffs reallege paragraphs 1 through 34, and further state:

40. At all times material, Defendant Zaslaw was a state act or relative to the needs of Plaintiff Clegg.

41. At all times material, Defendant Zazlaw's duties to Plaintiff Clegg included required completion of a "bio-psychosial evaluation", which was not done or, if done, was not done properly.

42. The aforedescribed conduct of Defendant Zaslaw in failing to perform needed tests and to arrange for needed care was with deliberate indifference to the rights and needs of the Plaintiff, and violated the civil rights of Plaintiff Clegg.

43. As a result of Defendant Zaslaw's disregard of and indifference to Plaintiff's constitutionally protected liberty

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

44. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

## COUNT III - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT PEREZ

Plaintiffs reallege paragraphs 1 through 34, and further state:

45. At all times material, Defendant Perez's duties to Plaintiff included the responsibility of making sure Plaintiff Clegg's needs were timely and properly identified and met.

46. As a result of Perez's disregard of and indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

47. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee,

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

pursuant to 42 USC §1988.

## COUNT IV - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT WILLIAMS

Plaintiffs reallege paragraphs 1 through 34, and further state:

48. At all times material, Defendant Williams' duties to Plaintiff Clegg included making sure that Plaintiff Clegg's needs were identified and met.

49. As clinical director, Defendant Williams personally participated in staff meetings relating to Plaintiff Clegg, and knew Plaintiff Clegg's needs were not being met, yet took no action to timely provide Plaintiff Clegg with the services needed.

50. As a result of Defendant Williams' disregard of and indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

51. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

## COUNT V - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT RAMER

Plaintiffs reallege paragraphs 1 through 34, and further state:

52. At all times material, Defendant Ramer knew Plaintiff Clegg was regressing and that he needed services not being provided.

53. As a result of Defendant Ramer's disregard of and indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

54. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

## COUNT VI - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT BAREFOOT

Plaintiffs reallege paragraphs 1 through 34, and further state:

55. At all times material, Defendant Barefoot knew Plaintiff Clegg was regressing and that he needed services not being provided, but took no action to help Plaintiff.

56. As a result of Defendant Barefoot's disregard of and

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

57. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

COUNT VII - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT QUIRAY

Plaintiffs reallege paragraphs 1 through 34, and further state:

58. At all times material, Defendant Quiray knew that Plaintiff Clegg was disintegrating and needed a proper psychological assessment for proper diagnosis and treatment of his needs.

59. Notwithstanding, Defendant Quiray chose to ignore the need for neuropsychological testing and the CBHA and instead began subjecting Plaintiff Clegg to medications used as chemical restraints, without ever properly identifying the illness afflicting Plaintiff Clegg.

60. At all times material, Defendant Quiray's duties included making sure that Plaintiff Clegg's needs for services

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

were identified and treated in that capacity.

61. As a result of Defendant Quiray's disregard of and indifference to Plaintiff's constitutionally protected liberty interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

62. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

COUNT VIII - CIVIL RIGHTS CLAIMS AGAINST DEFENDANT ELLIS

Plaintiffs reallege paragraphs 1 through 34, and further state:

63. At all times material, Defendant Clinic Director, Ellis had a duty to Plaintiff Clegg to make sure his needs were properly identified and treated.

64. Defendant Ellis personally participated in Plaintiff Clegg's case and knew by October 27 that he decompensating and needed services that were not being provided, yet did take needed action to provide the care needed.

65. As a result of Defendant Ellis' disregard of and indifference to Plaintiff's constitutionally protected liberty

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

interests and due process right to be provided with proper care, to be safe and free from harm, Plaintiff David Clegg's medical needs were ignored, he was instead subjected to ridicule and inattention as he continued to lose weight, have trouble eating and have trouble controlling his bladder and bowels.

66. Plaintiffs have had to retain counsel and is entitled to reimbursement of a reasonable attorneys fee, pursuant to 42 USC §1988.

## COUNT IX - CLAIMS AGAINST DEFENDANT DJJ

### A. Direct Negligence

Plaintiffs reallege paragraphs 1 through 34, and further state:

67. At all times material, Defendant DJJ had a duty to use reasonable care for the safety of youngsters committed to it and placed in its custody, including plaintiff.

68. Defendant DJJ also had a duty to properly provide for the needs of those committed to its legal and physical custody, including Plaintiff.

69. At all times material, as a principal, Defendant DJJ was and is directly liable for the acts of its personnel.

70. While Plaintiff David Clegg was in the DJJ/Gulf Center program, DJJ and Gulf Center had a duty to keep the Plaintiff safe and free from harm.

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

71. At all times material, Defendants DJJ and Gulf Center had a duty to provide appropriate enough security, monitoring and supervision that Plaintiff David Clegg would be safe and properly cared for.

72. Defendant DJJ negligently breached the duty it owed Plaintiff in that:

    a. DJJ failed to keep Plaintiff safe from harm while Plaintiff was committed to DJJ's custody;

    b. DJJ placed Plaintiff into the custody of Gulf Center without taking appropriate action for the safety of the Plaintiff;

    c. DJJ negligently failed to monitor the adequacy of care and training provided by Gulf Center to its employees; and

    d. DJJ failed to protect Plaintiff from harm humiliation, ridicule and embarrassment.

73. But for DJJ's negligence and disregard, Plaintiff would not have been harmed and subjected to abusive, improper acts while in DJJ's custody, his medical needs would not have been neglected and Plaintiff would not have suffered the damages set forth in paragraph 76, incorporated here by reference.

## B. Vicarious Liability Claims Against DJJ

Plaintiffs reallege paragraphs 1 through 34, and

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

further state:

74. At all times material, DJJ was and is liable for the actions of its agents acting in the course and scope of their employment, as DJJ could only act through its agents.

75. At all times material, to the extent the Gulf Center program personnel were acting in the course and scope of their agency, on behalf of DJJ, DJJ is vicariously liable.

76. As a result of Defendant DJJ's negligence and other misconduct and omissions, Plaintiff was wrongly kept in the physical custody of the abuser and neglectors on DJJ/Gulf Center's staff, was wrongly placed at risk, and was subjected to assaults with dangerous medication being improperly used as chemical restraints and humiliation, suffered bodily injury, resulting in pain and suffering, psychological trauma, mental anguish and emotional distress, reduction in his capacity for the enjoyment of life, expense of medical care, psychiatric and psychological care, loss of ability to earn money, and reduction of his ability to maximize his potential. The losses are permanent and continuing in nature and are unapportionable, and the Plaintiff will suffer the losses in the future.

### C. Medical Negligence Claim Against DJJ

Plaintiffs reallege paragraphs 1 through 34, and further state:

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

77. At all times material, Defendant DJJ through its agents and employees, took upon itself the responsibility to provide proper medical care to Plaintiff Clegg.

78. Defendant DJJ acting through its agents, deviated from acceptable standards of care and did not provide Plaintiff Clegg with needed psychological care and treatment.

79. Defendant DJJ, acting through its agents, deviated from acceptable standards of care and withheld proper psychological care from Plaintiff Clegg, instead subjecting him to chemical controls not intended to or effective in meeting his needs.

80. DJJ's failure to use the necessary reasonable care to provide proper psychological services to Plaintiff Clegg, caused or contributed to Plaintiff Clegg suffering a psychotic break that was more severe and longer lasting that would otherwise have been the case, causing Plaintiff Clegg to suffer the damages set forth in paragraph 76.

COUNT X - CLAIMS OF SHARON ALLEN

Plaintiffs reallege paragraphs 1 through 34 and further state:

81. At all times material, Plaintiff Sharon Allen was and is David's parent.

82. At all times material, Plaintiff parent had and have the legal obligation to provide for the needs of her minor

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

Plaintiff, including medical needs, during the period of his minority.

83. As a result of the Defendants' conduct and resulting injuries to the minor Plaintiff, the Plaintiff parent incurred economic damages related to David's care and treatment and medical needs and through David's 18th birthday and her parental consortium rights were interfered with.

WHEREFORE Plaintiff Clegg demands judgment against Defendants for his damages, plus costs and, as to the civil rights claims, attorney's fees. Plaintiff Allen demands judgment against Defendants for damages in excess of $15,000.00, plus costs and, as to the civil rights counts, attorneys fees.

Plaintiffs request trial by jury of all issues so triable as of right.

DATED this 5th day of April, 2010.

ROY D. WASSON
ANNABEL C. MAJEWSKI
WASSON & ASSOSICATES, CHARTERED
Co-counsel for Plaintiff
Courthouse Plaza - Suite 600
28 West Flagler Street
Miami, FL 33130
T - 305-666-5053
F - 305-666-9511
Fla. Bar No.: 332070
roy@wassonandassociates.com
annabel@wassonandassociates.com

GIEVERS, P.A.
Counsel for Plaintiff

KAREN GIEVERS
Fla. Bar No.: 262005
524 E. College Avenue
Suite 2
Tallahassee, FL 32301
T - 850-222-1961
F - 850-222-2153
kgievers@karengievers.com

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed, e-mailed and/or mailed this 5th day of April, 2010 to all parties on the service list.

KAREN GIEVERS
Fla. Bar No.: 262005

## SERVICE LIST

Roy D. Wasson, Esq.
Annabel C. Majewski, Esq.
Co-counsel for Plaintiff
Wasson & Associates
Courthouse Plaza - Suite 600
28 West Flagler Street
Miami, FL 33130
T - 305-666-5053
F - 305-666-9511
roy@wassonandassociates.com

John S. Stevens, Esq.
Jonathan C. Abel, Esq.
Counsel for Defendant
Conroy, Simberg, Ganon, Krevans,
 Abel, Lurvey, Morrow & Schefer
3440 Hollywood Blvd.
Second Floor
Hollywood, FL 33021
T - 954-518-1400
F - 954-518-8640
jstevens@conroysimberg.com
jabel@conroysimberg.com

## CERTIFICATE OF GOOD FAITH

I hereby certify that counsel for Plaintiff has made a reasonable investigation as permitted by the circumstances which gave rise to a good faith belief that grounds exist for this medical negligence action against DJJ, sufficient to meet the criteria of Chapter 766, Florida Statutes to the extent applicable.

KAREN GIEVERS
Fla. Bar No.: 262005

KAREN A. GIEVERS
PROFESSIONAL ASSOCIATION