IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

DAVID CLEGG and.
SHARON ALLEN
    Plaintiffs,

V.                                     CASE NO. 4:10cv81-RH/WCS

DEPARTMENT OF JUVENILE JUSTICE,
GULF COAST TREATMENT CENTER, INC.,
ASHER ZASLAW, JOHANA PEREZ,
KEITH WILLIAMS, KELBY RAMER,
DONNA BAREFOOT, LOURDES QUIRAY, AND
ROBERT ELLIS,
    Defendants.
_____/

**DEFENDANTS DEPARTMENT OF JUVENILE JUSTICE, GULF COAST TREATMENT CENTER, INC., ASHER ZASLAW, JOHANA PEREZ, KEITH WILLIAMS, KELBY RAMER, DONNA BAREFOOT, AND ROBERT ELLIS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Defendants Department of Juvenile Justice ("Defendant DJJ"), Gulf Coast Treatment Center, Inc. ("Defendant Gulf Coast"), Asher Zaslaw ("Defendant Zaslaw"), Johana Perez ("Defendant Perez"), Keith Williams ("Defendant Williams"), Kelby Ramer ("Defendant Ramer"), Donna Barefoot ("Defendant Barefoot"), and Robert Ellis ("Defendant Ellis"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiffs' First Amended Complaint For Damages filed by Plaintiffs, David

Clegg ("Plaintiff Clegg") and Sharon Allen ("Plaintiff Allen"), and as grounds therefore states as follows:

## I. Introduction and Summary of Argument

This case stems from Plaintiff David Clegg's commitment to the custody of the Department of Juvenile Justice and subsequent placement in the Adolescent Substance Abuse Program at Gulf Coast Treatment Center, Inc. located in Fort Walton Beach, Florida, between August 14, 2008 and December 12, 2008.

In Plaintiffs' First Amended Complaint for Damages, Plaintiffs have asserted the following claims:

1) A Claim against Gulf Coast Treatment Center, Inc. for "Civil Rights Violations Pursuant to 42 U.S.C. § 1983 (Count I);

2) "Civil Rights Claims Against Defendant Zaslaw" (Count II);

3) "Civil Rights Claims Against Defendant Perez" (Count III);

4) "Civil Rights Claims Against Defendant Williams" (Count IV);

5) "Civil Rights Claims Against Defendant Ramer" (Count V);

6) "Civil Rights Claims Against Defendant Barefoot" (Count VI);

7) "Civil Rights Claims Against Defendant Quiray" (Count VII);

8) "Civil Rights Claims Against Defendant Ellis" (Count VIII);

9) A direct negligence claim against Defendant DJJ under state law (Count IX-A);

10) A vicarious liability claim against Defendant DJJ under state law

(Count IX-B);

11)     A claim for medical negligence against Defendant DJJ under state law (Count IX-C); and

12)     A special damages claim of Plaintiff Allen (Count X), although it is not clear from Plaintiffs' First Amended Complaint For Damages those Defendants against whom the claims of Plaintiff Allen are asserted.

None of Plaintiffs' claims sets forth a valid cause of action, and therefore pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Complaint For Damages.

First, Count I of Plaintiffs' First Amended Complaint is barred by the Eleventh Amendment to the United States Constitution and should therefore be dismissed.

Second, Counts II, III, IV, V, VI, and VIII are likewise barred by the Eleventh Amendment to the United States Constitution and should be dismissed on this basis. Further, the Defendants against whom these claims are asserted are entitled to Qualified Immunity and Counts II, III, IV, V, VI, and VIII should be dismissed on this ground also.

Third, Plaintiffs' direct negligence state law claim brought against the Department of Juvenile Justice in Count IX (A) is not actionable under Florida law and should therefore be dismissed.

Fourth, Plaintiffs' vicarious liability claim against the Department of Juvenile Justice in Count IX (B) should be dismissed as Plaintiffs have failed to state a cause of

action against Gulf Coast Treatment Center, Inc., the Department of Juvenile Justice, or the individual Defendants and therefore no ground exists upon which Plaintiffs could pursue a vicarious liability claim.

Fifth, Plaintiffs have failed to comply with the pre-suit notice requirements of Chapter 766, Florida Statutes, prior to bringing a medical negligence claim against the Department of Juvenile Justice thus Count IX (C) of Plaintiffs First Amended Complaint should be dismissed.

Sixth, Plaintiff Sharon Allen has failed to plead special damages as required by Federal Rule of Civil Procedure 9 (g) and therefore Count X of Plaintiffs' Complaint should be dismissed.

For the reasons set forth herein, Plaintiff's First Amended Complaint for Damages should be dismissed.

## II. Rule 12 (b)(6) STANDARDS

A Motion to Dismiss, pursuant to Rule 12(b)(6), should be granted when it is clear that the Plaintiffs can prove no set of facts in support of the claims in the Complaint. *Marshall County Board of Education v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993). The Court should dismiss a Complaint under Rule 12 (b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Id*. In considering a Rule 12 (b)(6) motion, the Court must accept the well-pleaded facts as true and resolve them in the light most favorable to the

Plaintiffs. *St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F. 2d. 948, 954 (11th Cir.) 1986). When the allegations contained in a Complaint are merely conclusory, however, and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim. *Davidson v. Georgia*, 622 F.2d. 895, 897 (11th Cir. 1980).

The Court is generally constrained to review the allegations as contained within the four corners of the Complaint and may not consider matters outside the pleading without converting the defendant's motion into one for summary judgment. *Crowell v. Morgan Stanley Dean Witter Services Co., Inc.*, 870 F. Supp.2d 1287, 1290 (S.D. Fla. 2000). However, in § 1983 actions where government actors sued in their individual capacities have available to them the defense of qualified immunity, the Eleventh Circuit has heightened the pleading requirements. *G.J.R. Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998).

In *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), the Eleventh Circuit held that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the alleged wrongful acts occurred." *Id*. at 1485. "More than mere conclusory notice pleading is required... [A] Complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Accordingly, in determining whether the Plaintiffs have properly stated a claim for civil rights violations as to the individual defendants, the Court must be guided by both the regular 12(b)(6) standard and the heightened pleading requirement. *G.J.R. Investments, Inc.* 132 F.3d at 1367; *see also*, *Walker v. Prieto*, 414 F.Supp. 1148, 1151 (S.D. Fla. 2006).

In the instant matter, construing the allegations of the First Amended Complaint in the light most favorable to Plaintiffs reveals no set of facts upon which a cause of action is grounded against Defendants Department of Juvenile Justice, Gulf Coast Treatment Center, Inc., Asher Zaslaw, Johana Perez, Keith Williams, Kelby Ramer, Donna Barefoot or Robert Ellis. Counts I, II, III, IV, V, VI, VIII, IX and X should therefore be dismissed as a matter of law.

### III. ARGUMENT AND MEMORANDUM OF LAW

#### A.
#### Count I of Plaintiffs' First Amended Complaint against Gulf Coast Treatment Center, Inc. Is Barred by the Eleventh Amendment to the United States Constitution

In Count I of Plaintiffs' First Amended Complaint, Plaintiffs asserts a claim against Gulf Coast Treatment Center, Inc. pursuant to 42 § 1983 for the alleged violation of David Clegg's civil rights. Specifically, Plaintiffs allege that staff at Gulf Coast Treatment Center, Inc., including Defendants Zaslaw, Perz, Williams, Ramer, Barefoot, Quiray, and Ellis, were aware of Plaintiffs' mental health problems but chose to ignore them. First Amended Compl. ¶ 37. Plaintiffs further allege that as a result of Gulf Coast Treatment Center's disregard of and indifference to David Clegg's liberty interests and

due process rights to be safe and free from harm, David Clegg's medical needs were ignored and he was subjected to ridicule and inattention. First Amended Compl. ¶ 38. As part of the allegations in count I, Plaintiffs reallege paragraphs through 34 of Plaintiffs' First Amended Complaint. Plaintiffs allege in Paragraph 8 of the First Amended Complaint that Gulf Coast Treatment Center, Inc. had a contractual relationship with DJJ whereby Gulf Coast Treatment Center, Inc. acted as an express contractual agent of DJJ. First Amended Compl. ¶ 8. Plaintiffs further allege that DJJ placed Plaintiff in the Gulf Center Adolescent Substance Abuse Program, with DJJ maintaining legal custody of the Plaintiff. First Amended Compl. ¶ 18. Plaintiffs also alleges that the program to which Plaintiff Clegg was admitted was operated on DJJ's behalf by Gulf Center. First Amended Compl. ¶ 19. Plaintiffs further allege that at all times, program officials at Gulf Center were acting on behalf of Gulf Center and on behalf of DJJ. First Amended Compl. ¶ 22. Specifically, Plaintiffs allege that Defendants Zaslaw, Perez, Williams, Ramer, Barefoot, and Ellis were acting on behalf of DJJ and Gulf Center. First Amended Compl. ¶ 24. Plaintiffs also allege that at all times material, Defendant DJJ acted through its own employees and through its contract agent Gulf Center's employees and agents. First Amended Compl. ¶ Plaintiffs further assert that pursuant to Section 768.28, Florida Statutes, subcontractors of DJJ are deemed statutory agents of the State. First Amended Compl. ¶ 29. Further, Plaintiffs allege that at all times, Defendant facility staff were acting in the course and scope of their employment at Gulf Center and were within the course and scope of this agency on behalf of DJJ. First Amended Compl. ¶ 30.

The Eleventh Amendment to the United States Constitution is an absolute bar to suit by an individual against a State or its agencies in federal court, unless the State has waived immunity from suit in federal court or Congress has abrogated this immunity. *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986). Florida has not waived its Eleventh Amendment immunity as to federal civil rights actions. *Id.* Plaintiffs may not therefore maintain a claim against DJJ in federal court predicated on 42 U.S.C. § 1983. See *Florida Dep't of Health & Rehabilitative Services v. Florida Nursing Home Ass'n.*, 450 U.S. 147 (1981) (finding that HRS is the equivalent of the State of Florida for Eleventh Amendment Purposes).

The Eleventh Circuit has held that when a private entity contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state. *Ancata v. Prison Health Services, Inc.* 769 F.2d. 700 (11th Cir. 1985). The 11th Circuit has further held in *Buckner v. Toro*, 116 F.3d 450 (11th Cir. 1997), that when a private entity contracts to provide medical services to inmates, it not only performs a function traditionally within the exclusive prerogative of the state, but also becomes the functional equivalent of the government entity. *Id.* Although *Ancata* and *Buckner* involved suits against entities contracted with county governments and county officials, surely under *Ancata*, *Buckner*, and *Florida Dep't of Health & Rehabilitative Services*, cited above, agencies contracted with the state and performing functions traditionally within the exclusive prerogative of the state are entitled to be treated as the functional equivalent of the state. Therefore, Defendant Gulf Coast

Treatment Center, Inc., as an agent of the state, enjoys Eleventh Amendment Immunity from suit in federal court under 42 U.S.C. § 1983 and Count I of Plaintiffs' First Amended Complaint must therefore be dismissed.

Moreover, the Supreme Court has held that neither a State nor its officials acting in their official capacities are "persons" for purposes of bring a claim under 42 U.S.C. § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989). Section 1983 provides, in pertinent part, that "Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....." 42 U.S.C. § 1983 (emphasis added). Therefore, Gulf Coast Treatment Center, Inc., as an agent of the state to be treated as the functional equivalent of the state for purposes of assessing whether Eleventh Amendment immunity bars suit against it under 42 U.S.C. § 1983 in federal court, is likewise not considered a "person." Therefore Count I of Plaintiffs' First Amended Complaint should be dismissed on this ground as well.

### B.
### Counts II, III, IV, V, VI, And VIII Of Plaintiffs' First Amended Complaint Are Barred By The Eleventh Amendment To The Unites States Constitution And By The Doctrine Of Qualified Immunity

In Counts II of Plaintiffs' First Amended Complaint, Plaintiffs assert a Civil Rights Claim Against Defendant Zaslaw. First Amended Compl. ¶¶ 40-44. Plaintiffs do not specify precisely what civil rights violation is being alleged but the allegations

contained within Count II arise out of the same nucleus of operative facts plead throughout Plaintiffs' First Amended Complaint. Therefore, for purposes of the instant Motion to Dismiss, Defendants understand Plaintiffs' claim against Defendant Zaslaw to also be brought under 42 U.S.C. § 1983. Plaintiffs allege that Defendant Zaslaw was a state actor relative to the needs of Plaintiff Clegg, that she failed to perform needed tests and arrange for needed care of Plaintiff Clegg, and acted with deliberate indifference to the rights and needs of Plaintiff Clegg. First Amended Compl. ¶¶ 40-42. Plaintiffs further allege that as a result of Defendant's disregard of and indifference to Plaintiff's constitutionally protected liberty interests to be provided proper care and to be free and safe from harm, that Plaintiff Clegg's medical needs were ignored, that he was subjected to ridicule and inattention, that he had trouble eating and lost weight, and that he had trouble controlling his bladder and bowels. First Amended Compl. ¶ 43.

Plaintiffs make nearly identical allegations against Defendant Perez in Count III (First Amended Compl. ¶46); Defendant Williams in Count IV (First Amended Compl. ¶ 50); Defendant Ramer in Count V (First Amended Compl. ¶ 53); Defendant Barefoot in Count VI (First Amended Compl. ¶ 56); and Defendant Ellis in Count VIII (First Amended Compl. ¶ 65). Plaintiffs also allege that all individual Defendants were acting within the course and scope of their employment at Gulf Coast Treatment Center and were acting as agents of DJJ. First Amended Compl. ¶¶ 22, 24, 30. Therefore, the arguments with regard to the dismissal of Counts II, III, IV, V, VI, and VIII of Plaintiffs' First Amended Complaint are identical.

First, because Plaintiffs are suing the individual Defendants in their official capacities as employees of Gulf Coast Treatment Center and for acts taken within the course and scope of Gulf Coast's duties as the statutory agent of the Department of Juvenile Justice, Defendants do not fall within the definition of "persons" under 42 U.S.C. § 1983, pursuant to *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

Further, the 11th Circuit has determined that although suits for damages under 42 U.S.C. § 1983 against state officers in their individual capacities are generally permitted, suits against officers in their official capacities are generally barred. *Gamble v. Florida Department of Health And Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986). The Court in *Gamble* stated that in determining whether the officer is being sued in their official or individual capacity, the answer turns on the question of whether the plaintiff is seeking relief from the state's coffers or from the individual's assets. *Id*. Construing the allegations of Plaintiffs' First Amended Complaint in the most liberal manner, Plaintiffs allegations make clear that the individual Defendants acted within the course and cope of their employment with Gulf Coast Treatment Center, an agent of the State. Therefore, the most reasonable interpretation of Plaintiffs' allegations are that the individual Defendants are being sued in their official capacities as employees of a state agent. Therefore, Counts II, III, IV, V. VI and VIII of Plaintiffs' First Amended Complaint should be dismissed on this ground as well.

However, even if the Court determines that Defendants Zaslaw, Perez, Williams, Ramer, Barefoot, and Ellis are being sued in their individual capacities, Defendants are entitled to qualified immunity. Under the doctrine of qualified immunity, Plaintiff must show that Defendants violated clearly established federal or constitutional rights. *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995). Government actors can be stripped of qualified immunity only when all reasonable government actors would know that the challenged discretionary conduct violates federal law. *Id*. In a claim for deliberate indifference to a prisoner's medical needs, Plaintiff must show that the Defendant's actions violated a clear and specific standard that similarly situated reasonable health care providers would have known would violate a clear constitutional or federal right. *Id*. Mere negligence in diagnosing or treating a medical condition is an insufficient basis for imposing liability on a claim of medical mistreatment under the Eighth Amendment. *Id*. "Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). A difference in medical opinion between medical diagnosis or course of treatment is not enough to show deliberate indifference. *Gross v. White*, 340 Fed. Appx. 527 (11th Cir. 2009).

Plaintiffs have set forth no allegations that show that Defendants violated a clear and specific standard that would rise to the level of a constitutional violation in the provision of services to David Clegg. Therefore, Counts II, III, IV, V. VI and VIII of Plaintiffs' First Amended Complaint should also be dismissed for this reason.

### C.
### Count IX A. of Plaintiffs' First Amended Complaint Must Be Dismissed As Florida Law Does Not Permit a Cause of Action Against the Department of Juvenile Justice Based Upon Its Placement and Treatment Decisions

Count IX A. of Plaintiffs' First Amended Complaint alleges that the Department of Juvenile Justice had a duty to provide for the needs of juveniles committed to its custody and had a duty to keep Plaintiff Clegg safe and free from harm. First Amended Compl. ¶¶ 67-71. Plaintiffs further allege that the Department of Juvenile Justice failed to keep plaintiff safe, inappropriately placed Plaintiff Clegg into the custody of Gulf Center, failed to monitor his care, and failed to protect him from ridicule and embarrassment. The gravamen of Plaintiffs' allegations in Count IX A is that the Department inappropriately placed David Clegg and failed to appropriately treat David Clegg once in custody. Such a claim is not permitted by Florida law. In *Department of Health And Rehabilitative Services v. B.J.M.*, 656 So.2d 906, the Florida Supreme Court determined that decisions of the State regarding placement and decisions on how to properly care for a juvenile, including how to rehabilitate, assess for treatment, and conduct that treatment, are discretionary judgmental decisions to be made by the State agency charged with such responsibility and further that such agencies are therefore immune from tort liability by virtue of sovereign immunity.

Here, Plaintiffs challenge the placement of David Clegg at Gulf Coast Treatment Center and the course of treatment prescribed for David during his residency at Gulf

Coast, the very types of decisions that are immune from tort liability under B.J.M.. *Id*. Consequently, Count IX A of Plaintiffs' Complaint must be dismissed.

**D.**
**Count IX B. Of Plaintiffs' First Amended Complaint Must Be Dismissed As No Legal Basis Exists For A Vicarious Liability Claim Against the Department Of Juvenile Justice**

Count IX B of Plaintiffs' First Amended Complaint fails to set forth specific factual allegations distinct from the allegations set forth in Plaintiffs' other Counts. The facts set forth in Paragraphs 74-76 of Plaintiffs' First Amended Complaint is based upon the same nucleus of operative facts alleged throughout the First Amended Complaint. The allegations of Count IX B of Plaintiffs' First Amended Complaint is inextricably intertwined with Counts I-VII and Counts IX A and C, and for the reasons set forth herein for the dismissal of those Counts, Count IX B must fail along with them.

**E.**
**Count IX C. Of Plaintiffs' First Amended Complaint Must Be Dismissed as Plaintiffs Have Failed To Comply With Chapter 766, Florida Statutes**

Count IX C. of Plaintiffs' First Amended Complaint (Medical Negligence Claim Against DJJ) is predicated on the alleged negligence of the Department of Juvenile Justice in failing to provide proper medical care to Plaintiff Clegg. Plaintiffs allege that DJJ, acting through its agents, deviated from acceptable standards of care and did not provide Plaintiff Clegg with needed psychological care and treatment. First Amended Compl. ¶ 78. Plaintiffs' claim in Count IX C. for medical negligence clearly sounds in

medical or nursing malpractice based on the allegations in Plaintiffs' First Amended Complaint. Chapter 766, Florida Statutes, requires that prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant of the intent to initiate litigation for medical negligence. Fla. Stat. § 766.106(2). This statute defines a claim for medical negligence as a claim, arising out of the rendering of, or failure to render, medical care or services. Fla. Stat. § 766.106 (1)(a). Compliance with Chapter 766 is a condition precedent prior to the filing of a medical negligence claim. *Bruce H. Lynn, M.D., P.A., v. Miller*, App. 2 Dist., 498 So.2d 1011 (1986). The purpose of the Chapter 766 pre-suit notice and screening requirements is to facilitate resolution of medical malpractice claims. *Boyd v. Becker*, 627 So.2d 481 (Fla. 1993).

Plaintiffs in this matter have failed to comply with the pre-suit screening requirements of Chapter 766 prior to filing this action. Plaintiffs have not provided the Department of Juvenile Justice with the statutorily required notice of intent to initiate medical litigation prior to filing this action. Count IX C. of Plaintiffs' Complaint must therefore be dismissed.

### F.
### The Claims of Sharon Allen For Special Damages Have Not Been Plead With Specificity As Required By Federal Rule Of Civil Procedure 9 (g) And Count X Should Therefore Be Dismissed

In Count X of Plaintiffs' First Amended Complaint, Plaintiff Sharon Allen alleges that she is the parent of Plaintiff David Clegg and had a legal obligation during the period of David Clegg's minority to provide for David Clegg's needs, including his medical needs. First Amended Compl. ¶¶ 81-82. Plaintiff Allen further alleges that as a result of

the Defendants' conduct that she has incurred economic damages related to David Clegg's care and treatment through his 18th birthday. First Amended Compl. ¶ 83. However, Plaintiff Allen fails to set forth with any specificity the damages claimed, as is required by Fed R. Civ. P. 9 (g). The claims of Sharon Allen should therefore be dismissed.

### IV. Conclusion

For the reasons set forth herein, Plaintiffs have failed to state a cause of action in Counts I, II, III, IV, V, VI, VIII, IX and X against the Defendants and those Counts of Plaintiffs' Complaint should therefore be dismissed.

Respectfully submitted,

/s/ Jonathan C. Abel
Jonathan C. Abel, Esquire
Florida Bar No.: 370721
jabel@conroysimberg.com
John S. Stevens, Esquire
Florida Bar No.: 64487
jstevens@conroysimberg.com

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2010 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF. I further certify that the forgoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

/s/ John S. Stevens
John S. Stevens, Esquire
Florida Bar No.: 64487
jstevens@conroysimberg.com
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY,
MORROW, & SCHEFER, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
954-961-1400 - Telephone
954-967-8577 - Facsimile
Attorney for Defendants, DEPARTMENT OF JUVENILE JUSTICE, GULF COAST TREATMENT CENTER, INC., ASHER ZASLAW, JOHANA PEREZ, KEITH WILLIAMS, KELBY RAMER, DONNA BAREFOOT, and ROBERT ELLIS.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

**SERVICE LIST**
*Clegg v. Department of Juvenile Justice, et. al*
Case No. 4:10cv81-RH/WCS
United States District Court
Northern District of Florida
Tallahassee Division

**Karen A. Gievers, Esq.**
524 East College Avenue, Suite 2
Tallahassee, FL 32301
850-222-1961
Fax: 850-222-2153
Email:KGievers@KarenGievers.com

**Roy D. Wasson, Esq.**
**Annabel C. Majewski, Esq.**
Wasson & Associates, Chartered
Courthouse Plaza, Suite 600
28 West Flagler Street
Miami, FL 33130
T - 305-666-5053
F – 305-666-9511
Fla. Bar No.:   332070
roy@wassonandassociates.com
annabel@wassonandassociates.com

**Service via transmission of Notices of Electronic Filing generated by CM/ECF.**