UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

DAVID CLEGG and
SHARON ALLEN,

    Plaintiffs,                                      CASE NO.:  4:10-cv-81-RH/WCS

v.

DEPARTMENT OF JUVENILE JUSTICE and
GULF COAST TREATMENT CENTER, INC.,
ASHER ZASLAW, JOHANA PEREZ,
KEITH WILLIAMS, KELBY RAMER, DONNA
BAREFOOT, LOURDES QUIRAY, and
ROBERT ELLIS,

    Defendants.
_____/

**DEFENDANT LOURDES QUIRAY'S MOTION TO DISMISS**

Defendant, LOURDES QUIRAY ("Quiray"), by and through the undersigned counsel and pursuant to Rule 12(b)(6), FED. R. CIV. PRO., hereby moves the Court to dismiss Plaintiffs' Complaint with prejudice, and as grounds therefore states:

**PLAINTIFF'S ALLEGATIONS**

1.    Plaintiffs' Complaint alleges, "At all times material, Defendant's [sic] Gulf Center had a contractual relationship with DJJ whereby Gulf Center, acting as an express contractual agent of DFF, was to provide certain residential program services to youngsters, including Plaintiff David Clegg." (Plaintiffs' Complaint ¶ 8.)  Plaintiffs' Complaint further alleges, "At all times material, Defendant Quiray was a psychiatrist affiliated with Gulf Center." (Plaintiffs' Complaint ¶ 14.)

2.    Count VII of Plaintiffs' Complaint – the only count directed at Defendant Quiray – is titled "Civil Rights Claims Against Defendant Quiray."  Plaintiffs allege that Quiray "knew

that Plaintiff Clegg was disintegrating and needed a proper psychological assessment for proper diagnosis and treatment of his needs." (Plaintiffs' Complaint at ¶ 58.)  Plaintiffs further allege that Quiray "chose to ignore the need for neuropsychological testing and the CBHA and instead began subjecting Plaintiff Clegg to medications used as chemical restraints, without ever properly identifying the illness afflicting Plaintiff Clegg." (Plaintiffs' Complaint at ¶ 59.)

3. Plaintiffs are presumably proceeding under 42 U.S.C. § 1983.  However, Plaintiffs do not identify the Constitutional or Federal law allegedly violated by Quiray, other than to allege that Quiray violated Plaintiff Clegg's "constitutionally protected liberty interests and due process right to be provided with proper care [and] to be free and safe from harm." (Plaintiffs' Complaint at ¶ 61.)

## GROUNDS FOR DISMISSAL

4. Dismissal is proper for the following reasons:

   I. Quiray is entitled to Eleventh Amendment immunity as an agent of the State of Florida.

   II. Quiray is entitled to qualified immunity to the extent that she is being sued in her individual capacity.

   III. Plaintiffs have failed to comply with the presuit requirements of Chapter 766, Fla. Stat.

## MOTION TO DISMISS STANDARD

5. "For a motion to dismiss to be granted, plaintiff's complaint, factually accepted as correct, must evidence that there is no set of facts entitling him to relief." Brown v. Crawford County, Ga., 960 F.2d 1002, 1010 (11th. Cir. 1992).  In considering a motion to dismiss under Rule 12(b)(6), the Court must take the well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A plaintiff's obligation to set forth sufficient grounds showing that he or she is

entitled to relief requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

6. Although Rule 8 allows a plaintiff "considerable leeway" in framing the complaint, the Eleventh Circuit "has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments, Inc. v. City of Escambia, Fla., 132 F.3d 1359, 1367 (11th. Cir. 1998).

## ARGUMENT

### I. Quiray is Entitled to Eleventh Amendment Immunity

7. The Eleventh Amendment of the United States Constitution protects states from lawsuits brought by private citizens in federal court. Board of Trustees of Univ. Of Alabama v. Garrett, 531 U.S. 356, 363 (2001) (stating "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court"). A private individual may only bring suit against the state if the state has waived its immunity or if Congress has unequivocally abrogated the state's immunity "pursuant to a valid grant of Constitutional authority." Id. (quoting Kimel v. Florida Bd. Of Regents, 528 U.S. 62, 73 (2000)).

8. Plaintiffs cannot demonstrate any abrogation of Florida's Eleventh Amendment immunity by Congress. Further, Florida has not waived its Eleventh Amendment immunity. Section 768.28(18), Florida Statutes, states:

> No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in

federal court. This subsection shall not be construed to mean that the state has at any time previously waived, by implication, its immunity, or that of any of its agencies, from suit in federal court through any statute in existence prior to June 24, 1984.

§ 768.28(18), Fla. Stat.

9. The Florida legislature has specifically refused to waive its Eleventh Amendment immunity. Thus, the issue is whether the Eleventh Amendment immunity afforded to the Florida Department of Juvenile Justice extends to Defendant Quiray.

10. Section 768.28(11)(a), Florida Statutes, states:

Providers or vendors, or any of their employees or agents, that have contractually agreed to act on behalf of the state as agents of the Department of Juvenile Justice to provide services to children in need of services, families in need of services, or juvenile offenders are, solely with respect to such services, agents of the state for purposes of this section while acting within the scope of and pursuant to guidelines established in the contract or by rule. A contract must provide for the indemnification of the state by the agent for any liabilities incurred up to the limits set out in this chapter.

§ 768.28(11)(a), Fla. Stat.

11. Thus, providers *or any of their employees or agents* acting on behalf of the Department of Juvenile Justice in providing services to children are agents of the state. Flat. Stat. § 768.28(11)(a).

12. It is well settled that suits for damages against individuals acting in their official capacity as agents of the state are barred by the Eleventh Amendment. <u>Gamble v. Florida Department of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512 (11th. Cir. 1986); <u>Manders v. Lee</u>, 338 F.3d 1304, 1308 (11th. Cir. 2003) (stating that "[t]o receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State").

13. Plaintiffs' Complaint unequivocally states that "Gulf Center had a contractual relationship with DJJ whereby Gulf Center, acting as an express contractual agent of DJJ, was to provide certain residential program services to youngsters, including Plaintiff David Clegg." (Plaintiffs' Complaint ¶ 8.) Plaintiff's Complaint further states that at all times material Defendant Quiray was acting on behalf of both the Department of Juvenile Justice and Gulf Center. (Plaintiffs' Complaint ¶ 24.)

14. By Plaintiffs' own admission, Quiray was acting on behalf of the state of Florida in her official capacity as an agent of both the Department of Juvenile Justice and Gulf Center. Therefore, Quiray is entitled to Eleventh Amendment immunity, and dismissal of Plaintiffs' suit is appropriate.

## II.   Quiray is Entitled to Qualified Immunity

15. Even if Quiray is not entitled to Eleventh Amendment immunity, Quiray is entitled to qualified immunity.

16. While suits against state officers acting in their official capacity are generally prohibited, suits against state officers in their individual capacity are not. Id.  However, state individual suits against state officers may still be barred under the doctrine of qualified immunity, as "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

17. The Eleventh Circuit "utilizes a two-part analysis for the defense of qualified immunity. First, the defendant government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. If the defendant

meets this burden, the plaintiff must then demonstrate that the defendant violated clearly established law based upon objective standards." Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th. Cir. 1995). The standard for showing that a defendant violated clearly established law is high. "A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law. Consequently, qualified immunity protects 'all [governmental actors] but the plainly incompetent or those who knowingly violate the law.'" Adams v. Poag, 61 F.3d 1537, 1543 (11th. Cir. 1995) (quoting Malley v. Briggs, 475 U.S. 335, 341, (1986)). Further, when a claim involves the failure of a government agent to provide proper medical treatment, the plaintiff "must demonstrate that the [defendant's actions] violated a clear and specific standard and that similarly situated reasonable health care providers would have known that their actions violated [plaintiff's] constitutional right." Id. Importantly, "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability." Id.

18.     Here, as Plaintiffs' Complaint makes clear, Quiray was acting within the scope of her discretionary authority as an agent of Gulf Center and the Department of Juvenile Justice. (Plaintiffs' Complaint ¶ 30.)   Thus, the question is whether Plaintiffs' Complaint sufficiently alleges that Quiray violated a clearly established law.

19.     Plaintiffs have not alleged that Quiray violated any clearly established law; rather, Plaintiffs only make vague allegations that Quiray disregarded Plaintiff Clegg's "constitutionally protected liberty interests and due process right to be provided with proper care [and] to be safe and free from harm." (Plaintiffs' Complaint ¶ 61.) Plaintiffs also fail to articulate any standard – let alone a clear and specific standard – that Quiray allegedly violated and which would amount

to a violation of a clearly established law. Consequently, Plaintiffs cannot overcome the qualified immunity afforded to Quiray, and dismissal of Plaintiffs' action is appropriate.

**III.    Plaintiff Has Failed to Comply with Chapter 766, Florida Statutes**

20.    Plaintiffs' claim against Quiray is based solely on Quiray's alleged failure to provide proper medical care and treatment to Plaintiff Clegg. Section 766.106(1)(a), Florida Statutes, defines a claim for medical negligence as "a claim, arising out of the rendering of, or the failure to render, medical care or services." Plaintiffs' claim is thus clearly a claim for medical negligence.

21.    Pursuant to section 766.106(2), Florida Statutes, a claimant must notify the prospective defendant of the claimant's intent to initiate litigation based on medical negligence. After providing such notice, the claimant may not file suit for a period of ninety days. Fla. Stat. § 766.106(3)(a).

22.    Plaintiffs have failed to provide the required notice pursuant to Chapter 766, Florida Statutes. Thus, dismissal of Plaintiffs' claims against Quiray is appropriate.

**IV.    Plaintiff Sharon Allen's Claim For Special Damages Cannot Be Sustained**

24.    Plaintiff Allen alleges that "[a]s a result of the Defendants' conduct and resulting injuries to the minor Plaintiff, the Plaintiff parent incurred economic damages related to David's care and treatment and medical needs and through David's 18th birthday and her parental consortium rights were interfered with." (Plaintiff's Complaint ¶ 83.)

25.    Because dismissal of Plaintiff Clegg's claim against Quiray is appropriate, Plaintiff Allen's consortium claim cannot be sustained. Gomez v. Pfizer, Inc., 675 F.Supp.2d 1159, 1163 (S.D.Fla. 2009).

26. Further, even if Plaintiff Clegg's claim is not dismissed, dismissal of Plaintiff Allen's claim for economic damages should still be dismissed for failure to set forth her damages with specificity. Fed. R. Civ. Pro. 9(g).

## Conclusion

27. Plaintiffs' suit against Defendant Quiray is barred because Quiray is entitled to Eleventh Amendment immunity as an agent of the state acting in her official capacity. Further, to the extent that Plaintiffs are suing Quiray in her individual capacity, Quiray is entitled to qualified immunity because she has not violated a clearly established constitutional or federal law. Finally, Plaintiffs have failed to comply with the presuit notice requirements of Chapter 766, Florida Statutes. For these reasons, dismissal is appropriate.

WHEREFORE, Defendant LOURDES QUIRAY respectfully requests that the Court enter an Order dismissing with prejudice all claims against Defendant Quiray.

Dated this 27th day of May 2010.

　　　　　　　　　　　　　　　　　　　　/s/ *Michael J. Thomas*
　　　　　　　　　　　　　　　　　　　　**MICHAEL J. THOMAS**
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 0897760
　　　　　　　　　　　　　　　　　　　　Pennington, Moore, Wilkinson, Bell
　　　　　　　　　　　　　　　　　　　　　& Dunbar, P.A.
　　　　　　　　　　　　　　　　　　　　215 S. Monroe Street, 2nd Floor
　　　　　　　　　　　　　　　　　　　　Tallahassee, FL  32301
　　　　　　　　　　　　　　　　　　　　Tele:　850-222-3533
　　　　　　　　　　　　　　　　　　　　Fax:　 850-222-2126
　　　　　　　　　　　　　　　　　　　　ATTORNEY FOR DEFENDANT QUIRAY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically this 27th day of May, 2010 to:

**KAREN A. GIEVERS, ESQ.**
Karen A. Gievers, P.A.
524 E. College Avenue, Suite 2
Tallahassee, FL 32301
Tele: 850-222-1961
Fax: 850-222-2153
COUNSEL FOR PLAINTIFF

**ROY D. WASSON, ESQ.**
**ANNABEL C. MAJEWSKI, ESQ.**
Wason & Associates
Courthouse Plaza – Suite 600
28 West Flagler Street
Miami, FL 33130
Tele: 305-666-5053
Fax: 305-666-9511
CO-COUNSEL FOR PLAINTIFF

**JOHN S. STEVENS, ESQ.**
**JONATHAN C. ABEL, ESQ.**
Conroy, Simberg, Ganon, Krevans,
Abel, Lurvey, Morrow & Schefer
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
Tele: 954-518-1400
Fax: 954-518-8640
COUNSEL FOR DEFENDANTS'
DEPT. OF JUVENILE JUSTICE,
GULF COAST TREATMENT CENTER, INC.,
ASHER ZASLAW, JOHANA PEREZ,
KEITH WILLIAMS, KELBY RAMER,
DONNA BAREFOOT, and ROBERT ELLIS

                                                       /s/ *Michael J. Thomas*
                                                      **MICHAEL J. THOMAS**