# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DAVID CLEGG et al.,

    Plaintiffs,

v.                        CASE NO. 4:10cv81-RH/WCS

DEPARTMENT OF JUVENILE
JUSTICE et al.,

    Defendants.

_____/

## ORDER DISMISSING THE NEGLIGENT-PLACEMENT CLAIM
## AND OTHERWISE DENYING THE MOTIONS TO DISMISS

    The minor plaintiff was committed to the custody of the Florida Department of Juvenile Justice. The Department placed him in a residential facility operated by a private company under a contract with the Department. He alleges that placing him there was negligent and that the facility's staff was deliberately indifferent to his medical needs. He asserts constitutional claims against the facility and some of its employees under 42 U.S.C. § 1983. He asserts common-law negligence claims against the Department, based both on his placement in the facility and on his treatment while there. His mother asserts claims for medical

expenses and lost filial consortium.

The defendants have moved to dismiss. The defendant employees assert qualified immunity, but as private—not public—employees they are not eligible for qualified immunity. The facility asserts Eleventh Amendment immunity, but as a private contractor—not a state entity—it has no Eleventh Amendment immunity. The Department waived its Eleventh Amendment immunity by removing the case to federal court, but it asserts state sovereign immunity. The Department does indeed have sovereign immunity from the negligent-placement claim. Finally, the defendants assert that the mother's claim for medical expenses has not been pled with the required specificity, but it has, if just barely. This order dismisses the negligent-placement claim but otherwise denies the motions to dismiss.

## I. The Facts

For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must of course be accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007). The facts alleged in the first amended complaint include these.

The plaintiff David Clegg is a juvenile who suffers from drug addiction and mental illness. On August 18, 2008, Mr. Clegg was committed to the custody of the Florida Department of Juvenile Justice. The Department enrolled him in a

residential substance-abuse program operated by Gulf Coast Treatment Center, Inc., under a contract with the Department.

While at Gulf Coast, Mr. Clegg battled drug withdrawal and mental illness. Gulf Coast gave him drugs to prevent aggressive outbursts but otherwise largely ignored his medical needs. Mr. Clegg's health deteriorated dramatically. After two months at the facility, Mr. Clegg had lost 60 pounds, could not eat without difficulty, could not control his bladder, and could not walk or go to the restroom without assistance. Mr. Clegg was sometimes seen rocking back and forth, and on at least one occasion he told a Gulf Coast employee that he needed help, but to no avail.

## II. The Claims Against the Gulf Coast Employees

Mr. Clegg asserts that Gulf Coast and its employees violated his constitutional rights by disregarding his serious medical needs. The Supreme Court has said that deliberate indifference to an *adult convicted inmate*'s serious medical needs violates the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference to a *juvenile detainee*'s serious medical needs likewise violates the Constitution. *See Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1185-92 (11th Cir. 1994), *overruled on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *Morales v. Turman*, 562 F.2d 993 (5th Cir. 1977). And for this

purpose, a person's serious medical needs can include the effective treatment of drug withdrawal and mental illness.  *See, e.g.*, *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425-26 (11th Cir. 1997) (withdrawal); *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1172 (11th Cir. 1995) (mental illness); *United States ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575-76 (3d Cir. 1979) (withdrawal).

Although the complaint does not contain extensive factual detail, it does allege that each employee defendant was personally involved in Mr. Clegg's treatment and care, that each observed his health deteriorate dramatically, and that each did very little or nothing to remedy it.  In their motions to dismiss, the employees do not dispute that the first amended complaint adequately states deliberate-indifference claims against them.  It plainly does.

The employees do assert, however, that they are entitled to qualified immunity.  Qualified immunity applies to damages claims against public employees in their individual capacities.  It protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); *see generally Hope*, 536 U.S. 730; *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).  Thus a public employee may be held individually liable only if the employee violates clearly established law.

But these defendants were not public employees.  Qualified immunity does

not protect an employee of a government contractor.  *See Richardson v. McKnight*, 521 U.S. 399, 117 S. Ct. 2100, 138 L. Ed. 2d 540 (1997) (holding that prison guards employed by a private prison-management firm were not eligible for qualified immunity); *Hinson v. Edmond*, 192 F.3d 1342, 1346-47 (11th Cir. 1999) (holding that a private physician who provided medical services to inmates under a government contract was not eligible for qualified immunity); *see also Harrison v. Ash*, 539 F.3d 510, 521-25 (6th Cir. 2008); *Jensen v. Lane Cnty.*, 222 F.3d 570, 578-80 (9th Cir. 2000) (denying qualified immunity to a private psychiatrist hired to evaluate patients detained at a county mental-health hospital); *Halvorsen v. Baird*, 146 F.3d 680, 685-86 (9th Cir. 1998) (denying qualified immunity to employees of a private detoxification center operating under a government contract); *Bender v. Gen. Servs. Admin.*, 539 F. Supp. 2d 702, 714 (S.D.N.Y. 2008) (collecting cases and observing that "circuit courts have generally rejected qualified immunity for private parties operating under contract for the government").

The claims against the Gulf Coast employees in their individual capacities thus are not barred by qualified immunity.  A claim against the employees in their official capacities also would not be barred by qualified immunity, but the first amended complaint does not seem to assert a claim against the employees in their official capacities, and any such claim would properly be subject to dismissal as

redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (noting that an official-capacity claim is just "another way of pleading an action against an entity"); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant).

I construe the first amended complaint as asserting only individual-capacity claims against the Gulf Coast employees. And I deny their motion to dismiss.

## III.  The Claim Against Gulf Coast

Gulf Coast bases its motion to dismiss on Eleventh Amendment immunity. The Eleventh Amendment bars a private person from asserting a claim against a state in federal court unless the state has waived—or Congress has validly abrogated—the immunity. The Department waived its immunity by removing this case to federal court. *See Lapides v. Bd. of Regents of Univ. Sys.*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002). But Gulf Coast was not a party when the action was removed and thus did not waive any immunity that it could validly assert separately from the Department.

The difficulty is that Gulf Coast is a private entity. Gulf Coast says it can invoke the state's Eleventh Amendment immunity because it treated Mr. Clegg under a contract with the state. But the law of the circuit—and of every other circuit that has addressed the issue—is to the contrary. In *Rosario v. American*

*Corrective Counseling Services, Inc.*, 506 F.3d 1039 (11th Cir. 2007), a Florida state attorney's office—an arm of the state—contracted with a private company to collect restitution for victims of bad checks.  Individuals the contractor accused of writing bad checks sued the contractor under the Fair Debt Collection Practices Act.  The contractor asserted it had Eleventh Amendment immunity, but the Eleventh Circuit disagreed.  The decision is controlling here.

*Rosario* held inapplicable the only appellate decision extending Eleventh Amendment immunity to a private contractor.  *See Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308 (11th Cir. 2000).  The *Rosario* court first noted that *Shands* was an outlier.  *See Rosario*, 506 F.3d at 1044; *see also Del Campo v. Kennedy*, 517 F.3d 1070, 1079-80 (9th Cir. 2008) (surveying the case law and noting that every circuit except the Eleventh has "denied state sovereign immunity to private entities, more or less categorically"); *Takle v. Univ. of Wis. Hosp. & Clinics Auth.*, 402 F.3d 768 (7th Cir. 2005); Richard Frankel, *Regulating Privatized Government Through § 1983*, 76 U. Chi. L. Rev. 1449, 1457 (2009) (noting that "private entities can be sued for damages both when they contract with a municipality and when they contract with a state, since private entities are not entitled to Eleventh Amendment immunity").  Indeed, *Shands* is apparently the only appellate decision anywhere affording a private entity Eleventh Amendment immunity.  *See Del Campo*, 517 F.3d at 1080.

*Case No: 4:10cv81-RH/WCS*

Moreover, the *Rosario* court distinguished *Shands* on its facts. The contractor in *Shands* administered a state health insurance plan. But the state retained final decision-making authority, and any judgment against the contractor would have been paid from the state treasury. Neither factor was present in *Rosario*, so the court rejected the contractor's assertion of Eleventh Amendment immunity. *See Rosario*, 506 F.3d at 1042, 1046.

The same analysis is fully applicable here. Gulf Coast has not suggested that the state exercised supervisory authority over its operations other than at the macro level—that is, by entering a contract with various terms as occurs every time a state contracts with a private entity. Gulf Coast has not suggested that the state retained final decision-making authority over matters of the kind at issue; instead, Gulf Coast made the final decision whether and how to treat an individual patient's medical condition. And Gulf Coast has not suggested that the state will be responsible for any judgment entered against Gulf Coast. For all that appears in this record, Gulf Coast is a typical government contractor not entitled to Eleventh Amendment immunity.

Similarly, Gulf Coast cannot properly invoke *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Section 1983 allows a claim against a "person." *Will* held that a state is not a "person" who can be sued under the statute. *Id.* at 70. But just as Gulf Coast cannot invoke

the state's Eleventh Amendment immunity, it also cannot escape being treated as a "person." For this purpose, *Will* and the Eleventh Amendment are coextensive. *See id.* at 70; *see also Howlett v. Rose*, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); *Pittman v. Or. Emp't Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007); *Johnson v. SAIF Corp.*, 164 P.3d 278, 282-84 (Or. 2007).

Gulf Coast's motion to dismiss does not challenge the first amended complaint on any other ground. The motion is unfounded.

## IV.  *The Claims Against the Department*

Mr. Clegg's only claim against the Department is for common-law negligence. The claim has three parts: direct liability for the Department's negligence in placing Mr. Clegg at Gulf Coast, vicarious liability for Gulf Coast's nonmedical negligence, and vicarious liability for Gulf Coast's medical negligence.

### A.  Direct Liability

Mr. Clegg asserts that the Department was negligent in placing him at Gulf Coast because the facility's staff is inadequately trained. The Department says state sovereign immunity attaches to placement decisions of this kind.

The Department has it right. The Florida Supreme Court so held in *Department of Health and Rehabilitation Services v. B.J.M.*, 656 So. 2d 906, 912-13 (Fla. 1995). *See* Robert W. Mason, *Florida Juvenile Law & Practice* § 8:13

(11th ed. 2009) (citing *B.J.M.* for the proposition that "placements decisions [made by the Department] are . . . immune from tort liability"); *cf. Dep't of Health & Rehabilitative Servs. v. Whaley*, 574 So. 2d 100, 104 (Fla. 1991) (holding that sovereign immunity did not attach to a detention-center employee's decision to place the plaintiff in a cell with dangerous detainees).

The direct negligence claim against the Department thus will be dismissed.

### B.  Vicarious Liability for Nonmedical Negligence

Mr. Clegg asserts that the Department is vicariously liable for the negligence of Gulf Coast and its employees. The Department seeks dismissal of this claim on one ground. It asserts that because the constitutional claims against Gulf Coast and its employees must be dismissed, so, too, must the vicarious negligence claim.

The argument fails for at least two reasons. First, even if the *constitutional* claims against Gulf Coast and its employees were dismissed, it of course would not follow that the Department could not be held liable under *state tort law* for Gulf Coast's negligence. One can be negligent without acting unconstitutionally. *See West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007). Second, the argument fails because, as indicated above, the constitutional claims against Gulf Coast and its employees are not properly subject to dismissal.

### C.  Vicarious Liability for Medical Negligence

The Department asserts that the medical-negligence claim must be dismissed

for failure to provide the notice required by § 766.106(2), Florida Statutes.  But the first amended complaint alleges that all required notices were given.  Similarly, in his response to the motion to dismiss, Mr. Clegg specifically says he complied with § 766.106(2).  The medical-negligence claim cannot properly be dismissed on this ground on this motion or based on this record.

## VI.  The Claim of Mr. Clegg's Mother

Mr. Clegg's mother Sharon Allen asserts a claim for loss of filial consortium.  Florida law recognizes such a claim.  *See United States v. Dempsey*, 635 So. 2d 961 (Fla. 1994).  The defendants do not contend otherwise.

Ms. Allen also apparently seeks to recover medical expenses.  The defendants have moved to dismiss the claim for lack of specificity.  *See* Fed. R. Civ. P. 9(g) (providing that "[i]f an item of special damage is claimed, it must be specifically stated").

The allegation at issue is not a model of clarity.  I understand it as a claim for medical expenses incurred as a result of the defendants' challenged conduct.  I deny the motion to dismiss, and I do not strike the allegation.  But Ms. Allen should take note: compliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) is mandatory, and any special damages not adequately disclosed under the rule will not be recoverable.

## VII.  Conclusion

For these reasons,

IT IS ORDERED:

1. The Department's motion to dismiss, ECF No. 18, is GRANTED IN PART and DENIED IN PART. The claim that the Department negligently placed Mr. Clegg at Gulf Coast is dismissed with prejudice. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b). The other claims against the Department are not dismissed.

2. The other defendants' motions to dismiss, ECF Nos. 18 and 27, are DENIED.

SO ORDERED on August 23, 2010.

s/Robert L. Hinkle  
United States District Judge
