IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

DAVID CLEGG and                           CASE NO. 4:10CV81-RH/WCS
SHARON ALLEN,

    Plaintiffs,

v.

DEPARTMENT OF JUVENILE
JUSTICE, GULF COAST
TREATMENT CENTER, INC.,
ASHER ZASLAW, JOHANA PEREZ,
KEITH WILLIAMS, KELBY RAMER,
DONNA BAREFOOT, LOURDES
QUIRAY, and ROBERT ELLIS,

    Defendants.

_____/

### DEFENDANT, DEPARTMENT OF JUVENILE JUSTICE'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL IN RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

Comes now Defendant, DEPARTMENT OF JUVENILE JUSTICE, by and through its undersigned counsel, and hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiffs' First Amended Complaint For Damages, and hereby states as follows:

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

## JURISDICTION

1.      This Defendant admits that the Court has subject matter jurisdiction of this matter and that Plaintiffs have filed an action alleging damages, but denies the remainder of the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

2.      This Defendant admits that Plaintiff Clegg was in the legal custody of Defendant Department of Juvenile Justice during his residency at Gulf Coast Treatment Center, but denies the remainder of the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

3.      This Defendant admits that certain provisions of law govern the provisions of care to Plaintiff Clegg's serious medical needs, but otherwise denies the remaining allegations contained in Paragraph 3 of Plaintiffs' First  Amended Complaint for Damages and demands strict proof thereof.

4.      This Defendant admits that Plaintiffs have brought claims alleging violation of state law pursuant to Counts IX and X of Plaintiffs' First Amended Complaint for Damages, but otherwise denies the remaining allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint for Damages, and demands strict proof thereof.

5.      This Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint for Damages.

## THE PARTIES

6.      This Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint for Damages, and demands strict proof thereof.

7.      This Defendant admits that Plaintiff Sharon Allen is the mother of Plaintiff David Clegg but denies the remaining allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint for Damages, and demands strict proof thereof.

8.      This Defendant admits that this Defendant had a contractual relationship with Defendant Gulf Coast Treatment Center, Inc., whereby Defendant Gulf Coast Treatment Center, Inc., acting as a contractual agent of this Defendant, provided certain residential treatment program services to juveniles in the custody of this Defendant, including Plaintiff David Clegg, but otherwise denies the remaining allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint for Damages, and demands strict proof thereof.

9.      This Defendant denies that Plaintiffs attached to Plaintiffs' First Amended Complaint for Damages the contract between this Defendant and Defendant Gulf Coast Treatment Center, Inc., and therefore denies the allegations

contained in Paragraph 9 of Plaintiffs' Complaint, and demands strict proof thereof.

10.     This Defendant admits that Defendant Zaslaw provided therapy to Plaintiff David Clegg during his residency at Gulf Coast Treatment Center.

11.     This Defendant admits that Defendant Perez provided case management services to Plaintiff David Clegg during his residency at Gulf Coast Treatment Center, Inc.

12.     This Defendant admits that Defendant Williams served as the Program Director of the Adolescent Substance Abuse Program at Gulf Coast Treatment Center, Inc. during his residency at Gulf Coast Treatment Center but otherwise denies the remaining allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

13.     This Defendant admits that during Plaintiff David Clegg's residency at Gulf Coast Treatment Center, Inc., Defendants Ramer and Barefoot were licensed practical nurses in the Adolescent Substance Abuse Program but otherwise denies the remaining allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

14.     This Defendant admits that Defendant Quiray is a psychiatrist and that she provided treatment to Plaintiff David Clegg during his residency at Gulf Coast Treatment Center, but otherwise denies the allegations contained in

Paragraph 14 of Plaintiffs' First Amended Complaint for damages and demands strict proof thereof.

15.     This Defendant admits that Defendant Ellis was the Clinical Director of Gulf Coast Treatment Center during Plaintiff David Clegg's residency at Gulf Coast, but otherwise denies the remaining allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## FACTUAL BACKGROUND

16.     This Defendant admits that a contract between this Defendant and Gulf Coast Treatment Center, Inc. provided for Gulf Coast Treatment Center, Inc. to operate a 40 bed moderate risk program for boys and that this Defendant reimbursed Gulf Coast Treatment Center, Inc. for operation of this program, but denies the remaining allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

17.     This Defendant admits that on or about August 18, 2008, Plaintiff, David Clegg was in the custody of this Defendant when he was admitted to the Adolescent Substance Abuse Program at Gulf Coast Treatment Center, Inc., by this Defendant, but otherwise denies the remaining allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

18.     This Defendant admits that Plaintiff, David Clegg was in the legal custody of this Defendant during his residency in the Adolescent Substance Abuse Program at Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

19.     This Defendant admits that the Adolescent Substance Abuse Program to which Plaintiff, David Clegg was admitted was operated by Defendant, Gulf Coast Treatment Center, Inc., through a contract between this Defendant and Defendant Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

20.     This Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

21.     This Defendant admits that the Adolescent Substance Abuse Program was designed to treat youth in the custody of this Defendant with substance abuse issues but otherwise denies the remaining allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint for damages as phrased and demands strict proof thereof.

22.    This Defendant denies the allegations contained within Paragraph 22 of the Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

23.    This Defendant denies the allegations contained within Paragraph 23 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

24.    This Defendant admits that Gulf Coast Treatment Center, Inc, employees Zaslaw, Perez, Williams, Ramer, and Barefoot were acting in the course and scope of their employment with Gulf Coast Treatment Center, Inc., and that Gulf Coast Treatment Center, Inc., was operating a residential treatment program pursuant to a contract with this Defendant during David Cleggs' residency in the Adolescent Substance Abuse Program.   This Defendant further admits that Defendant, Quiray provided treatment to Plaintiff, David Clegg during his residency in the Adolescent Substance Abuse Program at Gulf Coast Treatment Center, Inc.  This Defendant otherwise denies the remaining allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

25.    This Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

26.     This Defendant admits that Plaintiff, David Clegg was in the legal custody of this Defendant and the physical custody of Defendant, Gulf Coast Treatment Center, Inc. during his residency in the Adolescent Substance Abuse Program but otherwise denies the remaining allegations contained in Paragraph 26, including subparagraphs a-f of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

27.     This Defendant admits that Defendant Gulf Coast Treatment Center, Inc.'s employees, Zaslaw, Perez, Williams, Ramer, Barefoot and Ellis were acting within the course and scope of their employment during Plaintiff, David Clegg's residency at Gulf Coast Treatment Center, Inc. but otherwise denies the remaining allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint for Damages and demand strict proof thereof.

28.     This Defendant admits that its employees were acting in the course and scope of their employment with this Defendant in that Defendant, Gulf Coast Treatment Center, Inc., provided certain residential treatment services to youth in the legal custody of this Defendant during Plaintiff, David Clegg's residency in the Adolescent Substance Abuse Program but otherwise denies the remaining allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint for Damages and demand strict proof thereof.

29.     This Defendant admits that pursuant to §768.28, Florida Statutes, Defendant, Gulf Coast Treatment Center, Inc., was acting as an agent of the State

while providing residential treatment services to youth in the legal custody of this Defendant pursuant to the terms of the contract between this Defendant and Defendant, Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

30.   This Defendant admits that Defendants, Zaslaw, Perez, Williams, Ramer, Barefoot and Ellis were acting in the course and scope of their employment with Gulf Coast Treatment Center, Inc., and that Defendant Gulf Coast Treatment Center, Inc. provided certain residential treatment services to youth in the legal custody of this Defendant but otherwise denies the remaining allegations contained in Paragraph 30 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

31.   This Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

32.   This Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

33.   This Defendant denies the allegations contained within Paragraph 33 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

## CONDITIONS PRECEDENT

34.     This Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT I – CLAIMS AGAINST GULF CENTER FOR CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C §1983

35.     This Defendant admits that Defendants, Zaslaw, Perez, Williams, Ramer, Barefoot and Ellis were acting in the course and scope of their employment with Gulf Coast Treatment Center, Inc., and that Defendant, Gulf Coast Treatment Center, Inc., provided certain residential treatment services to Plaintiff, David Clegg, who was in the legal custody of this Defendant and the physical custody of Defendant, Gulf Coast Treatment Center, Inc., and that such residential treatment services were provided pursuant to a contract between this Defendant and Defendant, Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

36.     This Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint for Damages, as phrased, and demands strict proof thereof.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

37.     This Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

38.   This Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

39.     This Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT II- CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, ZASLAW

40.     This Defendant admits that Defendant, Zaslaw was employed by Gulf Coast Treatment Center, Inc., and was acting within the course and scope of her employment with regard to services provided to Plaintiff, David Clegg and that Defendant, Gulf Coast Treatment Center, Inc., provided certain residential treatment services to Plaintiff, David Clegg pursuant to a contract between this Defendant and Defendant, Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 40 of the Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

41.    This Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

42.  This Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

43.  This Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

44.  This Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT III- CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, PEREZ

45.    This Defendant admits that Defendant, Perez was a case manager at Gulf Coast Treatment Center, Inc., who provided case management services to Plaintiff, David Clegg,  but otherwise denies the remaining allegations contained in Paragraph 45 of the Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

46. This Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

47. This Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT IV- CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, WILLIAMS

48. This Defendant admits that Defendant, Williams was the Program Director of the Adolescent Substance Abuse Program at Gulf Coast Treatment Center, Inc., during Plaintiff, David Clegg's residency at Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

49. This Defendant admits that Defendant, Williams participated in certain treatment team meetings pertaining to Plaintiff, David Clegg but otherwise denies the remaining allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

50. This Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

51. This Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT V – CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, RAMER

52.     This Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

53. This Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

54. This Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT VI- CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, BAREFOOT

55.     This Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

56. This Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

57. This Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT VII- CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, QUIRAY

58.     This Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

59. This Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

60.   This Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

61. This Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

62. This Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT VIII- CIVIL RIGHTS CLAIMS AGAINST DEFENDANT, ELLIS

63.    This Defendant admits that Defendant, Ellis was the Clinical Director of Defendant, Gulf Coast Treatment Center, Inc., during Plaintiff, David Clegg's residency at Gulf Coast Treatment Center, Inc., but otherwise denies the remaining allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint for Damages, as phrased, and demands strict proof thereof.

64.    This Defendant admits that Defendant, Ellis participated in certain treatment team meetings with regard to Plaintiff, David Clegg and that Defendant, Ellis, Baker Acted Plaintiff, David Clegg but otherwise denies the remaining allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

65. This Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

66. This Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT IX – CLAIMS AGAINST DEFENDANT, DJJ

### A. DIRECT NEGLIGENCE

The Court has dismissed Count IX A. of Plaintiffs' First Amended Complaint for Damages pursuant to the Court's Order of August 23, 2010 and therefore this Defendant is not required to respond to Paragraphs 67 through 73 including all subparagraphs.

### B. VICARIOUS LIABILITY CLAIMS AGAINST DJJ

74.    This Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' First Amended Complaint for Damages, as phrased, and demands strict proof thereof.

75. This Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint for Damages, as phrased, and demands strict proof thereof.

76. This Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

### C. MEDICAL NEGLIGENCE CLAIM AGAINST DJJ

77. This Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' First Amended Complaint for Damages, and demands strict proof thereof.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

78. This Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

79. This Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

80. This Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## COUNT X- CLAIMS OF SHARON ALLEN

81. This Defendant admits the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint for Damages.

82. This Defendant is without knowledge or information sufficient to allow it to admit or deny the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint for Damages and therefore can neither admit nor deny the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint for Damages.

83. This Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint for Damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to comply with the necessary conditions precedent for bringing this action under Fla. Stat. 766.106, and therefore Plaintiffs' claims should be dismissed with prejudice.

2.      Plaintiffs have failed to comply with the pre-suit notice requirements of Florida Statutes, Chapter 768.28 prior to filing this action and therefore Plaintiffs' claims should be dismissed.

3.      At all times material hereto, Plaintiff, DAVID CLEGG, conducted himself in a careless and negligent manner; said negligence is a contributing and/or the sole legal proximate cause of the injuries and damages complained of, and the Plaintiffs, therefore, are barred from recovery against this Defendant or, in the alternative, the damages for recovery should be reduced by the doctrine of comparative negligence.

4.      At all times material hereto, the within alleged incident occurred above and beyond the foresight of reasonably prudent persons and was caused by actions and/or omissions of third persons and conditions beyond the control of this Defendant.    Therefore, the Plaintiffs are barred from recovery against this Defendant.

5.      This Defendant was not deliberately indifferent to Plaintiff David Clegg's medical and/or mental health care needs and therefore Plaintiffs' claims should be dismissed.

6.     Plaintiff David Clegg has been the recipient of or, in the alternative, is entitled to receive, certain collateral source benefits and, as such, any recovery in this cause should be reduced by any collateral source benefits either paid or payable.

7.     This Defendant states that in the event of a judgment for the Plaintiffs, this Defendant is entitled to have the judgment made payable in accordance with the alternative methods of payment of damages provisions of Florida Statute, ' 768.78.

8.     The respective liability, if any, of this Defendant are governed by the provisions of Fla. Stat. 768.81.

9.     Pursuant to <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993), and Fla. Stat. 768.81, this Defendant reserves the right to place a non-party, on the verdict form at trial as a joint tortfeasor, whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by the Plaintiffs.

10.     This Defendant specifically pleads the benefits of all provisions of the Florida Tort Reform Act of 2003, including, but not limited to, Florida Statute, ' 766.118, which provides a limitation of non-economic damages.

11.     This Defendant states that Plaintiffs' alleged damages were not caused by the acts or omissions of this Defendant or any employees of this Defendant.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

12.    This Defendant states that it is entitled to sovereign immunity as set forth in 768.28, Florida Statutes.

13.    This Defendant reserves its right to amend and assert additional its affirmative defenses, pending the outcome of future discovery in this action.

WHEREFORE, having responded to Plaintiffs' First Amended Complaint for Damages, this Defendant requests that all claims in this matter be dismissed and that Plaintiffs bear all costs in this action.

## **DEMAND FOR JURY TRIAL**

THE DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE AS OF RIGHT BY JURY.

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF. I further certify that the forgoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

/s/ Jonathan C. Abel, Esquire
Florida Bar No.: 370721
jabel@conroysimberg.com
John S. Stevens, Esquire
Florida Bar No.: 64487
jstevens@conroysimberg.com
CONROY, SIMBERG, GANON,
KREVANS, ABEL, LURVEY,
MORROW, & SCHEFER, P.A.
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
954-961-1400 - Telephone
954-967-8577 - Facsimile
Attorney for Defendants,
DEPARTMENT OF JUVENILE
JUSTICE, GULF COAST
TREATMENT CENTER, INC., ASHER
ZASLAW, JOHANA PEREZ, KEITH
WILLIAMS, KELBY RAMER,
DONNA BAREFOOT, and ROBERT
ELLIS.

*CLEGG V. DEPARTMENT OF JUVENILE JUSTICE, et. al*
Case No. 4:10cv81-RH/WCS

**SERVICE LIST**
*Clegg v. Department of Juvenile Justice, et. al*
Case No. 4:10cv81-RH/WCS
United States District Court
Northern District of Florida
Tallahassee Division

**Karen A. Gievers, Esq.**
524 East College Avenue, Suite 2
Tallahassee, FL 32301
850-222-1961
Fax: 850-222-2153
Email:KGievers@KarenGievers.com

**Roy D. Wasson, Esq.**
**Annabel C. Majewski, Esq.**
Wasson & Associates, Chartered
Courthouse Plaza, Suite 600
28 West Flagler Street
Miami, FL 33130
T - 305-666-5053
F – 305-666-9511
Fla. Bar No.:   332070
roy@wassonandassociates.com
annabel@wassonandassociates.com

Michael J. Thomas, Esq.
mike@penningtonlaw.com
Pennington, Wilkinson, Moore, Bell, & Dunbar, P.A.
215 South Monroe Street, 2nd Floor
Tallahassee, FL 32301
Served via  US MAIL
and to mike@penningtonlaw.com

**Service to all counsel via transmission of Notices of Electronic Filing generated
by CM/ECF.**