UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID CLEGG and
SHARON ALLEN,

    Plaintiffs,                                          CASE NO.:  4:10-cv-81-RH/WCS

v.

DEPARTMENT OF JUVENILE JUSTICE and
GULF COAST TREATMENT CENTER, INC.,
ASHER ZASLAW, JOHANA PEREZ,
KEITH WILLIAMS, KELBY RAMER, DONNA
BAREFOOT, LOURDES QUIRAY, and
ROBERT ELLIS,

    Defendants.
_____/

**DEFENDANT LOURDES QUIRAY'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant LOURDES QUIRAY ("Quiray"), by and through the undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Damages and states:

**Jurisdiction**

1.     Admitted for jurisdictional purposes only; otherwise, denied.

2.     Denied.

3.     Denied.

4.     Admitted for jurisdictional purposes only; otherwise, denied.

5.     Admitted for jurisdictional purposes only; otherwise, denied.

**The Parties**

6.     Denied.

7.     Denied.

8.     Without knowledge.

9.     Denied.

1

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Admitted that Dr. Quiray had a relationship with Gulf Coast Treatment Center whereby she provided care to residents of the Center.

15. Without knowledge.

16. Without knowledge.

## Factual Background

17. Without knowledge.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

21. Without knowledge.

22. Without knowledge.

23. Without knowledge.

24. Admitted that Dr. Quiray was acting pursuant to her relationship with Gulf Coast Treatment Center; otherwise, without knowledge.

25. Without knowledge.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

31. Denied.

32. Denied.

33. Denied.

### Conditions Precedent

34. Denied.

### Count I – Claims Against Gulf Center for Civil Rights Violations Pursuant to 42 U.S.C. § 1983

35. Without knowledge.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### Count II – Claims Against Defendant Zaslaw

40. Without knowledge.

41. Without knowledge.

42. Without knowledge.

43. Without knowledge.

44. Without knowledge.

### Count III – Claims Against Defendant Perez

45. Without knowledge.

46. Without knowledge.

47. Without knowledge.

### Count IV – Claims Against Defendant Williams

48. Without knowledge.

49. Without knowledge.

50. Without knowledge.

51. Without knowledge.

### Count V– Claims Against Defendant Ramer

52. Without knowledge.

53. Without knowledge.

54. Without knowledge.

### Count VI– Claims Against Defendant Barefoot

55. Without knowledge.

56. Without knowledge.

57. Without knowledge.

### Count VII– Claims Against Defendant Quiray

58. Denied.

59. Denied.

60. Admitted that Dr. Quiray's owed a duty of proper care when she treated Plaintiff. To the extent the paragraph alleges that Dr. Quiray owed Plaintiff additional duties that are not specified in the paragraph, denied.

61. Denied.

62. Denied.

### Count VIII– Claims Against Defendant Ellis

63. Without knowledge.

64. Without knowledge.

65. Without knowledge.

66. Without knowledge.

### Count IX– Claims Against Defendant Zaslaw
### A. Direct Negligence

67. The Court has dismissed this claim; therefore, Defendant does not respond to paragraphs 67 through 73.

### B. Vicarious Liability Claims Against DJJ

74. Without knowledge.

75. Denied.

76. Denied.

### B. Vicarious Liability Claims Against DJJ

77. Without knowledge.

78. Without knowledge.

79. Without knowledge.

80. Without knowledge.

### Count X – Claims of Sharon Allen

81. Admitted.

82. Admitted.

83. Denied.

### AFFIRMATIVE DEFENSES

Defendant alleges the following defenses and reserve the right to plead additional defenses as may be revealed during the course of discovery.  In an abundance of caution, Defendant alleges the following defenses, some of which may be affirmative defenses.  These allegations are raised strictly as defenses and are not to be considered admissions of Defendant regarding any factual, legal, or other matter.  Defendant denies all allegations not expressly admitted in its Answer, whether numbered or unnumbered, including without limitation the numbered or lettered paragraphs following the word "[w]herefore," and any and all demands for judgment or any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Such injury or damages as Plaintiffs may have sustained, if any, was solely or proximately caused by the acts, and or omissions of persons or entities other than these Defendants.  Plaintiffs are, therefore, not entitled to recover damages from these Defendants in

5

any sum or manner whatsoever, or are only entitled to recover to the extent of these Defendants' comparative fault.

## SECOND AFFIRMATIVE DEFENSE

Defendants claim as a set off any judgment received by the Plaintiffs or any payments received or to be received in the future from any collateral source as permitted by Florida Law.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs were themselves guilty of negligence which was the proximate cause of the injuries complained of, and therefore, the damages, if any, which might be recovered by this action should be reduced in proportion to the amount of the Plaintiffs' own negligence.  This shall not be construed to admit any negligence on the part of Defendants as being the legal cause of the Plaintiffs' damages or injuries.

## FOURTH AFFIRMATIVE DEFENSE

Defendants allege that the damages and injuries alleged to have been sustained by the Plaintiffs are a direct and proximate result of the Plaintiff's own bodily function or preexisting condition which manifested at or before the injury complained of by the Plaintiffs, and were not in any way a result of, or caused by the negligence of these Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants allege that if they are found to be at fault, and if that fault is a legal cause of Plaintiffs' damages, if any, then these Defendants cannot be held liable to the Plaintiffs for any more than their percentage of fault pursuant to Section 768.81(3), Florida Statutes and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993).

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege that any injury or damage suffered by the Plaintiffs was a result of actions by third parties over whom these Defendants had no control and for whom these Defendants are not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

6

Defendants allege that any damages suffered by the Plaintiffs are the result of superseding, independent or intervening causes or are the result of yet unknown causes over which these Defendants had no control and for which they are not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege they are not a guarantor or insurer of all possible results or consequences of treatment to the Plaintiff.  The Defendants discharged their duty with respect to the Plaintiffs in a reasonable manner within the standard of care in the community and provided such care and treatment of the Plaintiffs which is recognized to be reasonable and within the standard of care under similar circumstances and conditions by other physicians in Leon County, Florida, or any other similar medical community.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the presuit notice requirements of section 768.81, Florida Statutes.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury on all issues for which a jury trial is permitted. Dated this 22nd day of September, 2010.

    /s/ *Michael J. Thomas*
**MICHAEL J. THOMAS**
Florida Bar No.:  0897760
Pennington, Moore, Wilkinson, Bell
  & Dunbar, P.A.
215 S. Monroe Street, 2nd Floor
Tallahassee, FL  32301
Tele:   850-222-3533
Fax:   850-222-2126
mike@penningtonlaw.com
ATTORNEY FOR DEFENDANT QUIRAY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically this 22nd day of September, 2010 to:

**KAREN A. GIEVERS, ESQ.**
Karen A. Gievers, P.A.
524 E. College Avenue, Suite 2
Tallahassee, FL 32301
Tele: 850-222-1961
Fax: 850-222-2153
kgievers@karengievers.com
COUNSEL FOR PLAINTIFF

**ROY D. WASSON, ESQ.**
**ANNABEL C. MAJEWSKI, ESQ.**
Wasson & Associates
Courthouse Plaza – Suite 600
28 West Flagler Street
Miami, FL 33130
Tele: 305-666-5053
Fax: 305-666-9511
roy@wassonandassociates.com
CO-COUNSEL FOR PLAINTIFF

**JOHN S. STEVENS, ESQ.**
**JONATHAN C. ABEL, ESQ.**
Conroy, Simberg, Ganon, Krevans,
Abel, Lurvey, Morrow & Schefer
3440 Hollywood Blvd., 2nd Floor
Hollywood, FL 33021
Tele: 954-518-1400
Fax: 954-518-8640
jstevens@conroysimberg.com
jabel@conroysimberg.com
COUNSEL FOR DEFENDANTS
DEPT. OF JUVENILE JUSTICE,
GULF COAST TREATMENT CENTER, INC.,
ASHER ZASLAW, JOHANA PEREZ,
KEITH WILLIAMS, KELBY RAMER,
DONNA BAREFOOT, and ROBERT ELLIS

                                                         */s/ Michael J. Thomas*
                                                         **MICHAEL J. THOMAS**